APPEAL,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21–cv–00119–RDM</u>
### *Internal Use Only*

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY et al v. ANDREW WHEELER et al | Date Filed: 01/14/2021 |
| Assigned to: Judge Randolph D. Moss | Jury Demand: None |
| Case in other court:  USCA, 24–05101 | Nature of Suit: 893 Environmental Matters |
| Cause: 33:1319 Clean Water Act | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY** | represented by | **Tania Galloni** |

**Tania Galloni**
EARTHJUSTICE
4500 Biscayne Boulevard, Suite 201
Miami, FL 33137
(305) 440–5434
Fax: 850–681–0020
Email: tgalloni@earthjustice.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
EARTHJUSTICE
11 S. Martin Luther King Jr. Blvd
Tallahassee, FL 32301
850–681–0031
Email: bmalloy@earthjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
EARTHJUSTICE
4500 Biscayne Blvd
Suite 201
Miami, FL 33137
305–440–5432
Email: creichert@earthjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
EARTHJUSTICE
1001 G Street NW
Suite 1000
Washington, DC 20001
202–797–5233
Fax: 202–667–2356

Email: asewell@earthjustice.org
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**DEFENDERS OF WILDLIFE**                    represented by   **Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**SIERRA CLUB**                    represented by   **Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**CONSERVANCY OF SOUTHWEST FLORIDA**                    represented by   **Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MIAMI WATERKEEPER**                    represented by    **Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ST. JOHNS RIVERKEEPER**                represented by    **Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Anna Marie Sewell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLORIDA WILDLIFE FEDERATION**     represented by     **Anna Marie Sewell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tania Galloni**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Bonnie Malloy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina Irene Reichert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ANDREW WHEELER**                  represented by     **Andrew S. Coghlan**
*in his official capacity as Administrator*                    DOJ–ENRD
*for the U.S. Environmental Protection*                    Eds
*Agency*                                                     150 M Street NE
*TERMINATED: 04/19/2022*                           Suite 4.400
                                                    Washington, DC 20002
                                                    202–514–9275
                                                    Fax: 202–514–8865
                                                    Email: andrew.coghlan@usdoj.gov
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alison C. Finnegan**
                                                    U.S. DEPARTMENT OF JUSTICE
                                                    Environment & Natural Resources
                                                    Division
                                                    P.O. Box 7611
                                                    Washington, DC 20044–7611
                                                    (202) 305–0500
                                                    Email: alison.c.finnegan@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVE ROSS**
*in his official capacity as Assistant*
*Administrator for the Office of Water of*
*the U.S. Environmental Protection*
*Agency*
*TERMINATED: 04/19/2022*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID FOTOUHI**
*in his official capacity as Acting General*
*Counsel for the U.S. Environmental*
*Protection Agency*
*TERMINATED: 04/19/2022*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSAN BODINE**
*in her official capacity as Assistant*
*Administrator for the Office of*
*Enforcement and Compliance Assurance*
*for the U.S. Environmental Protection*
*Agency*
*TERMINATED: 04/19/2022*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARY WALKER**
*in her official capacity as Administrator*
*for Region 4 of the U.S. Environmental*
*Protection Agency*
*TERMINATED: 04/19/2022*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**AURELIA SKIPWITH**
*in her official capacity as Director for the*
*U.S. Fish and Wildlife Service*
*TERMINATED: 04/19/2022*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)

<em>ATTORNEY TO BE NOTICED</em>

**Defendant**

| | | |
|---|---|---|
| **LEOPOLDO MIRANDA–CASTRO**<br>*in his official capacity as Regional Director for the U.S. Fish and Wildlife Service* | represented by | **Andrew S. Coghlan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

> **Alison C. Finnegan**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

> **Michael Richard Eitel**
> U.S. DEPARTMENT OF JUSTICE
> Environment & Natural Resources
> Division
> 999 18th Street
> South Terrace
> Denver, CO 80202
> (303) 844–1479
> Fax: (303) 844–1350
> Email: michael.eitel@usdoj.gov
> *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES ARMY CORPS OF ENGINEERS** | represented by | **Andrew S. Coghlan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

> **Alison C. Finnegan**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

> **Michael Richard Eitel**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **SCOTT SPELLMON**<br>*Lieutenant General, in his official capacity as Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers* | represented by | **Andrew S. Coghlan**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

> **Alison C. Finnegan**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

> **Michael Richard Eitel**
> (See above for address)
> *ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREW KELLY**                                    represented by   **Andrew S. Coghlan**
*Colonel, in his official capacity as*                              (See above for address)
*District Commander of the Jacksonville*                            *LEAD ATTORNEY*
*District for the U.S. Army Corps of*                               *ATTORNEY TO BE NOTICED*
*Engineers*
*TERMINATED: 04/19/2022*                                            **Alison C. Finnegan**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES**                                  represented by   **Andrew S. Coghlan**
**ENVIRONMENTAL PROTECTION**                                        (See above for address)
**AGENCY**                                                         *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Alison C. Finnegan**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Richard Eitel**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES FISH AND**                         represented by   **Andrew S. Coghlan**
**WILDLIFE SERVICE**                                               (See above for address)
                                                                   *LEAD ATTORNEY*
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Alison C. Finnegan**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Richard Eitel**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL S. REGAN**                               represented by   **Andrew S. Coghlan**
*in his official capacity as Administrator*                         (See above for address)
*for the U.S. Environmental Protection*                             *LEAD ATTORNEY*
*Agency*                                                           *ATTORNEY TO BE NOTICED*

                                                                   **Alison C. Finnegan**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Richard Eitel**
                                                                   (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**RADHIKA FOX**
*in her official capacity as Assistant Administrator for the Office of Water of the U.S. Environmental Protection Agency*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Richard Eitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEFFREY PRIETO**
*in his official capacity as General Counsel for the U.S. Environmental Protection Agency*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Richard Eitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LAWRENCE STARFIELD**
*in his official capacity as Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance for the U.S. Environmental Protection Agency*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison C. Finnegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Richard Eitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN BLEVINS**
*in his official capacity as Acting Administrator for Region 4 of the U.S. Environmental Protection Agency*

represented by **Andrew S. Coghlan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Alison C. Finnegan
(See above for address)
*ATTORNEY TO BE NOTICED*

Michael Richard Eitel
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARTHA WILLIAMS**                represented by    **Andrew S. Coghlan**
*in her official capacity as Principal*                                (See above for address)
*Deputy Director for the U.S. Fish and*                            *LEAD ATTORNEY*
*Wildlife Service*                                                              *ATTORNEY TO BE NOTICED*

Alison C. Finnegan
(See above for address)
*ATTORNEY TO BE NOTICED*

Michael Richard Eitel
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAMES BOOTH**                      represented by    **Andrew S. Coghlan**
*Colonel; in his official capacity as*                               (See above for address)
*District Commander of the Jacksonville*                        *LEAD ATTORNEY*
*District for the U.S. Army Corps of*                               *ATTORNEY TO BE NOTICED*
*Engineers*

Alison C. Finnegan
(See above for address)
*ATTORNEY TO BE NOTICED*

Michael Richard Eitel
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**ASSOCIATION OF FLORIDA**        represented by    **Gary V. Perko**
**COMMUNITY DEVELOPERS,**                               HOLTZMAN VOGEL
**INCORPORATED (AFCD)**                                     119 S Monroe Street
                                                                                Suite 500
                                                                                Tallahassee, FL 32301
                                                                                850–391–0502
                                                                                Email: gperko@holtzmanvogel.com
                                                                                *LEAD ATTORNEY*
                                                                                *ATTORNEY TO BE NOTICED*

**Mohammad Omar Jazil**
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S Monroe Street

9

Suite 500
Tallahassee, FL 32301
850–391–0503
Email: mjazil@holtzmanvogel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward M. Wenger**
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
2300 N Street, NW
Suite 643a
Washington, DC 20037
202–737–8808
Email: emwenger@holtzmanvogel.com
*ATTORNEY TO BE NOTICED*

**Kenneth Clark Daines**
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341–8808
Fax: (540) 341–8809
Email: KDaines@HoltzmanVogel.com
*ATTORNEY TO BE NOTICED*

<u>Movant</u>

**FLORIDA CHAMBER OF COMMERCE**          represented by   **Gary V. Perko**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mohammad Omar Jazil**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward M. Wenger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Clark Daines**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Movant</u>

**CAMERATTA COMPANIES LLC**          represented by   **Rafe Petersen**
HOLLAND & KNIGHT LLP
1800 17th st., NW
1100

Washington, DC 20006
(202) 419–2481
Fax: (202) 955–5564
Email: rafe.petersen@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rafe Peterson**
HOLLAND AND KNIGHT
2099 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 419–2481
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chene M. Thompson**
PAVESE LAW FIRM
1833 Hendry Street
Fort Myers, FL 33901
239–334–2195
Email: chenethompson@paveselaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**CAM7–SUB, LLC**                    represented by **Rafe Petersen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rafe Peterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chene M. Thompson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**LENNAR CORPORATION**              represented by **Edward M. Wenger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**G.L. Homes**                       represented by **Edward M. Wenger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**GREENPOINTE HOLDINGS**                represented by   **Edward M. Wenger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**KB HOME**                             represented by   **Edward M. Wenger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**PULTE GROUP**                         represented by   **Edward M. Wenger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**TAYLOR MORRISON**                     represented by   **Edward M. Wenger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**FLORIDA TRANSPORTATION**              represented by   **Edward M. Wenger**
**BUILDERS ASSOCIATION**                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**FLORIDA STATE HISPANIC**              represented by   **Edward M. Wenger**
**CHAMBER OF COMMERCE**                                  (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**LEADING BUILDERS OF AMERICA**         represented by   **Edward M. Wenger**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Movant**

**ASSOCIATED INDUSTRIES OF**            represented by   **Edward M. Wenger**
**FLORIDA**                                              (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Intervenor**

| | | |
|---|---|---|
| **STATE OF FLORIDA** | represented by | **Jeffrey Heath Wood**<br>BAKER BOTTS LLP<br>700 K St. NW<br>Washington, DC 20001<br>202–639–7732<br>Email: jeff.wood@bakerbotts.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Aaron M. Streett**
BAKER & BOTTS, L.L.P.
3000 One Shell Plaza
910 Louisiana Street
Houston, TX 77002–4995
713–229–1855
Fax: 713–229–7855
Email: aaron.streett@bakerbotts.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harrison Reback**
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
713–229–1567
Email: harrison.reback@bakerbotts.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jared Russell Wigginton**
GOOD STEWARD LEGAL PLLC
The Warner Building
284 Moose Trail
Whitefish, MT 59937
206–822–9280
Email: jared@goodstewardlegal.com
*TERMINATED: 05/21/2021*

**Lily N. Chinn**
HOGAN LOVELLS US LLP
4 Embarcadero Center
Suite 3500
San Francisco, CA 94111
415–374–2443
Fax: 415–374–2499
Email: lily.chinn@hoganlovells.com
*TERMINATED: 04/29/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

| | | |
|---|---|---|
| **FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION** | represented by | **Jeffrey Heath Wood** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Aaron M. Streett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harrison Reback**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jared Russell Wigginton**
(See above for address)
*TERMINATED: 05/21/2021*

**Lily N. Chinn**
(See above for address)
*TERMINATED: 04/29/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

| | | |
|---|---|---|
| **TARPON BLUE SILVER KING I, LLC** *doing business as* COLLIER ENTERPRISES, LTD. | represented by | **Andrew Jacob Turner** HUNTON ANDREW KURTH LLP 2200 Pennsylvania Avenue, N.W. Washington, DC 20037 (202) 955–1658 Fax: (202) 778–2201 Email: aturner@huntonak.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Elizabeth Carter Chandler Clements**
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955–1504
Email: eclements@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George P. Sibley , III**
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

(804) 788–8200
Fax: (804) 343–4869
Email: gsibley@hunton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2021 | 1 | COMPLAINT against ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER ( Filing fee $ 402 receipt number ADCDC–8076717) filed by DEFENDERS OF WILDLIFE, CENTER FOR BIOLOGICAL DIVERSITY, ST. JOHNS RIVERKEEPER, SIERRA CLUB, CONSERVANCY OF SOUTHWEST FLORIDA, MIAMI WATERKEEPER. (Attachments: # 1 Civil Cover Sheet, # 2 Request for Summons)(Sewell, Anna) (Entered: 01/14/2021) |
| 01/14/2021 | | Case Assigned to Judge Randolph D. Moss. (adh, ) (Entered: 01/14/2021) |
| 01/14/2021 | 2 | SUMMONS (12) Issued Electronically as to ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 01/14/2021) |
| 01/14/2021 | 3 | STANDING ORDER: The parties are hereby ORDERED to comply with the directives set forth in the attached Standing Order. See document for details. Signed by Judge Randolph D. Moss on 1/14/2021. (lcrdm3) (Entered: 01/14/2021) |
| 01/19/2021 | 4 | MOTION to Intervene by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION. (Attachments: # 1 Memorandum in Support Statement of Points and Authorities, # 2 Declaration Ex. 1 – Declaration of Justin Wolfe (FDEP General Counsel), # 3 Text of Proposed Order)(Wood, Jeffrey) (Entered: 01/19/2021) |
| 01/19/2021 | 5 | NOTICE of Appearance by Jeffrey Heath Wood on behalf of FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA (Wood, Jeffrey) (Entered: 01/19/2021) |
| 01/19/2021 | | MINUTE ORDER: Upon consideration of the Motion to Intervene by the State of Florida and the Florida Department of Environmental Protection, Dkt. 4 , it is hereby ORDERED that Plaintiffs shall file a notice with the Court on or before January 22, 2021 indicating whether they oppose the Motion. It is further ORDERED that if Plaintiffs do oppose the motion, Plaintiffs shall file their opposition brief on or before January 29, 2021. Signed by Judge Randolph D. Moss on 1/19/2021. (lcrdm3) (Entered: 01/19/2021) |
| 01/19/2021 | 6 | NOTICE of Appearance by Jared Russell Wigginton on behalf of FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA (Wigginton, Jared) (Entered: 01/19/2021) |

| 01/20/2021 | 7 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Bonnie Malloy, Filing fee $ 100, receipt number ADCDC–8099682. Fee Status: Fee Paid. by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Sewell, Anna) (Entered: 01/20/2021) |
| 01/20/2021 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Tania Galloni, Filing fee $ 100, receipt number ADCDC–8099700. Fee Status: Fee Paid. by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Sewell, Anna) (Entered: 01/20/2021) |
| 01/20/2021 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Christina I. Reichert, Filing fee $ 100, receipt number ADCDC–8099710. Fee Status: Fee Paid. by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Sewell, Anna) (Entered: 01/20/2021) |
| 01/21/2021 | | MINUTE ORDER: Upon consideration of Plaintiffs' Motions for Admission Pro Hac Vice, Dkt. 7 , Dkt. 8 , and Dkt. 9 , it is hereby ORDERED that each Motion is GRANTED. Bonnie Malloy, Tania Galloni, and Christina I. Reichert are hereby GRANTED leave to appear pro hac vice in this case.**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for Instructions**. Signed by Judge Randolph D. Moss on 1/21/2021. (lcrdm3) Modified on 1/21/2021 (ztnr). (Entered: 01/21/2021) |
| 01/21/2021 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lily N. Chinn, Filing fee $ 100, receipt number ADCDC–8106901. Fee Status: Fee Paid. by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Wigginton, Jared) (Entered: 01/21/2021) |
| 01/21/2021 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Aaron Streett, Filing fee $ 100, receipt number ADCDC–8107040. Fee Status: Fee Paid. by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Wigginton, Jared) (Entered: 01/21/2021) |
| 01/22/2021 | 12 | NOTICE of Appearance by Tania Galloni on behalf of CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Galloni, Tania) (Entered: 01/22/2021) |
| 01/22/2021 | 13 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Galloni, Tania) (Entered: 01/22/2021) |
| 01/22/2021 | 14 | NOTICE by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE |

| | | |
|---|---|---|
| | | FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER re Order,, Set Deadlines, (Galloni, Tania) (Entered: 01/22/2021) |
| 01/22/2021 | | MINUTE ORDER: Upon consideration of the pending Motions for Admission Pro Hac Vice, Dkt. <u>10</u> and <u>11</u> , it is hereby ORDERED that the Motions are GRANTED. Lily N. Chinn and Aaron Streett are hereby GRANTED leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Randolph D. Moss on 1/22/2021. (lcrdm3) (Entered: 01/22/2021) |
| 01/22/2021 | <u>15</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Harrison F. Reback, Filing fee $ 100, receipt number ADCDC–8112692. Fee Status: Fee Paid. by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # <u>1</u> Declaration, # <u>2</u> Text of Proposed Order)(Wigginton, Jared) (Entered: 01/22/2021) |
| 01/24/2021 | | MINUTE ORDER: Upon consideration of the pending Motion for Admission Pro Hac Vice, Dkt. <u>15</u> , it is hereby ORDERED that the Motion is GRANTED. Harrison F. Reback is hereby GRANTED leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to Local Civil Rule 83.6(a). Click for Instructions**. Signed by Judge Randolph D. Moss on 1/24/2021. ( lcrdm3) (Entered: 01/24/2021) |
| 01/26/2021 | <u>16</u> | NOTICE of Appearance by Harrison Reback on behalf of FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA (Reback, Harrison) (Entered: 01/26/2021) |
| 01/26/2021 | <u>17</u> | NOTICE of Appearance by Lily N. Chinn on behalf of FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA (Chinn, Lily) (Entered: 01/26/2021) |
| 01/27/2021 | <u>18</u> | NOTICE of Appearance by Bonnie Malloy on behalf of CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Malloy, Bonnie) (Entered: 01/27/2021) |
| 01/27/2021 | <u>19</u> | NOTICE of Appearance by Christina Reichert on behalf of All Plaintiffs (Reichert, Christina) (Entered: 01/27/2021) |
| 01/27/2021 | <u>20</u> | NOTICE of Appearance by Andrew S. Coghlan on behalf of All Defendants (Coghlan, Andrew) (Entered: 01/27/2021) |
| 01/29/2021 | <u>21</u> | NOTICE *REQUESTING PRE–MOTION CONFERENCE* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Galloni, Tania) (Entered: 01/29/2021) |
| 02/01/2021 | | MINUTE ORDER: Upon consideration of Plaintiffs' Notice Requesting Pre–Motion Conference, Dkt. <u>21</u> , and pursuant to subsection 10(a)(i) of the Court's standing order, Dkt. <u>3</u> at 4, it is hereby ORDERED that the State of Florida, the Florida Department of Environmental Protection, and the Defendants shall file, on or before February 5, 2021, "a short notice via ECF, not to exceed six double–spaced pages in length... setting forth their anticipated responses to [Plaintiffs'] proposed motion," *id.* |

| | | |
|---|---|---|
| | | It is further ORDERED that the Motion to Intervene by the State of Florida and the Florida Department of Environmental Protection, Dkt. 4 is hereby GRANTED in light of Plaintiffs' consent to the Motion, Dkt. 14 . The State of Florida and the Florida Department of Environmental Protection are accordingly permitted to intervene in this case under Federal Rule of Civil Procedure 24(a)(2). The Clerk of Court is directed to amend the caption accordingly. Finally, it is ORDERED that all parties shall appear for a pre–motion conference on February 17, 2021 at 3:30pm. The conference shall occur by telephone using the telephonic dial–in information to be provided by the Courtroom Deputy Clerk. Signed by Judge Randolph D. Moss on 2/1/2021. (lcrdm3) (Entered: 02/01/2021) |
| 02/05/2021 | 22 | RESPONSE TO REQUEST FOR PRE–MOTION CONFERENCE by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER re 21 Notice (Other) (Coghlan, Andrew) Modified event on 2/5/2021 (ztd). (Entered: 02/05/2021) |
| 02/05/2021 | 23 | RESPONSE TO REQUEST FOR PRE–MOTION CONFERENCE by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA re 21 Notice (Other) (Wood, Jeffrey) Modified event title on 2/9/2021 (znmw). (Entered: 02/05/2021) |
| 02/09/2021 | 24 | NOTICE of Appearance by Aaron M. Streett on behalf of FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA (Streett, Aaron) (Entered: 02/09/2021) |
| 02/10/2021 | 25 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANDREW WHEELER served on 1/25/2021; SUSAN BODINE served on 1/25/2021; DAVID FOTOUHI served on 1/25/2021; ANDREW KELLY served on 1/21/2021; LEOPOLDO MIRANDA–CASTRO served on 1/21/2021; DAVE ROSS served on 1/25/2021; AURELIA SKIPWITH served on 1/21/2021; SCOTT SPELLMON served on 1/21/2021; UNITED STATES ARMY CORPS OF ENGINEERS served on 2/8/2021; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY served on 1/25/2021; UNITED STATES FISH AND WILDLIFE SERVICE served on 1/21/2021; MARY WALKER served on 1/21/2021 (Attachments: # 1 USPS return receipts for Summons)(Galloni, Tania) (Entered: 02/10/2021) |
| 02/12/2021 | 26 | NOTICE of Appearance by Alison C. Finnegan on behalf of All Defendants (Finnegan, Alison) (Entered: 02/12/2021) |
| 02/17/2021 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Telephonic Pre–motion Conference held on 2/17/2021. By close of business Friday, EPA Defendants shall file the index to the certified administrative record. Plaintiff's Summary Judgment motion due by 3/5/2021; Defendants and Intervenor Defendant Responses to Motion for Summary Judgment and Cross Motions are due by 4/26/2021; Plaintiff's Reply to Motion for Summary Judgment and Cross Opposition are due by 5/24/2021; Final Reply due by 6/7/2021. (Court Reporter Jeff Hook.) (kt) (Entered: 02/17/2021) |
| 02/19/2021 | 27 | NOTICE of Filing Certified Index to the Administrative Record by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, DAVE ROSS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 |

| | | |
|---|---|---|
| | | Certification, # 2 Index)(Coghlan, Andrew) (Entered: 02/19/2021) |
| 02/26/2021 | 28 | NOTICE *of Filing Corrected Certified Index to the Administrative Record* by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, DAVE ROSS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 Certification, # 2 Amended Index)(Coghlan, Andrew) (Entered: 02/26/2021) |
| 02/26/2021 | 29 | Unopposed MOTION to Intervene by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), Florida Chamber of Commerce. (Attachments: # 1 Statement of Points & Authorities in Support, # 2 Exhibit A– Walker Declaration, # 3 Exhibit B– Pierce Declaration, # 4 Proposed Order)(Jazil, Mohammad) (Entered: 02/26/2021) |
| 03/04/2021 | 30 | MEMORANDUM OPINION AND ORDER: For the reasons stated herein, it is hereby ORDERED that the Motion to Intervene by the Florida Chamber of Commerce and Association of Florida Community Developers (collectively, "Movants"), Dkt. 29 , is DENIED without prejudice; and it is further ORDERED that Movants shall, on or before April 2, 2021, file any renewed motion to intervene or any motion for leave to participate in this matter as amici. See document for details. Signed by Judge Randolph D. Moss on 3/4/2021. (lcrdm3) Modified on 3/4/2021 to change document type to "opinion". (kt). (Entered: 03/04/2021) |
| 03/05/2021 | 31 | MOTION for Partial Summary Judgment by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Crooks' Declaration, # 2 Umpierre's Declaration, # 3 Silverstein's Declaration, # 4 Wiley's Declaration, # 5 Hartl's Declaration, # 6 Carter's Declaration, # 7 Robertson's Declaration, # 8 Rinaman's Declaration, # 9 Text of Proposed Order)(Galloni, Tania) (Entered: 03/05/2021) |
| 04/01/2021 | 32 | MOTION to Intervene *(Renewed)* by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE. (Attachments: # 1 Amended Statement of Points & Authorities, # 2 Declaration of Frank Walker, # 3 Declaration of Lance Pierce, # 4 Declaration of Michael Dennis, # 5 Declaration of Leslie Candes, # 6 Declaration of Kristy Boss, # 7 Declaration of Jeremy Susac, # 8 Proposed Order Granting Motion to Intervene)(Jazil, Mohammad) (Entered: 04/01/2021) |
| 04/22/2021 | 33 | MOTION for Leave to File Excess Pages by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Text of Proposed Order Proposed Order)(Wigginton, Jared) (Entered: 04/22/2021) |
| 04/26/2021 | 34 | Cross MOTION for Summary Judgment *(Partial)* by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Attachments: # 1 Text of Proposed Order)(Coghlan, Andrew) (Entered: 04/26/2021) |
| 04/26/2021 | 35 | Memorandum in opposition to re 31 MOTION for Partial Summary Judgment filed by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED |

| | | |
|---|---|---|
| | | STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Attachments: # 1 Text of Proposed Order)(Coghlan, Andrew) (Entered: 04/26/2021) |
| 04/26/2021 | 36 | Cross MOTION to Dismiss by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Text of Proposed Order)(Wigginton, Jared) (Entered: 04/26/2021) |
| 04/26/2021 | 37 | Memorandum in opposition to re 31 MOTION for Partial Summary Judgment *and in Support of Cross−Motion to Dismiss* filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Text of Proposed Order)(Wigginton, Jared) (Entered: 04/26/2021) |
| 04/26/2021 | 38 | MOTION for Leave to File *A RESPONSE IN OPPOSITION TO THE PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS 8 AND 9 OF COMPLAINT* by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE. (Attachments: # 1 Proposed Response, # 2 Proposed Order)(Jazil, Mohammad) (Entered: 04/26/2021) |
| 04/26/2021 | | MINUTE ORDER: Upon consideration of the State of Florida and the Florida Department of Environmental Protection's ("Florida Intervenors") motion for leave to exceed page limitations, Dkt. 33 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the Florida Intervenors are permitted to file a consolidated brief in response to Plaintiffs' pending motion for summary judgment and in support of its cross−motion to dismiss, not to exceed 70 pages in length. Signed by Judge Randolph D. Moss on 4/26/2021. (lcrdm3) (Entered: 04/26/2021) |
| 05/02/2021 | 39 | MEMORANDUM OPINION AND ORDER: For the reasons stated herein, it is hereby ORDERED that the Motion to Intervene by the Florida Chamber of Commerce and Association of Florida Community Developers (collectively "Movants"), Dkt. 32 , is DENIED without prejudice. It is further ORDERED that Movants' Motion for Leave to File a Response in Opposition to the Plaintiffs' Motion for Partial Summary Judgment on Claims 8 and 9 of the complaint, Dkt. 38 , is GRANTED. See document for details. Signed by Judge Randolph D. Moss on 5/2/2021. (lcrdm3) (Entered: 05/02/2021) |
| 05/04/2021 | 40 | **TRANSCRIPT OF TELEPHONIC PRE−MOTION CONFERENCE** before Judge Randolph D. Moss held on February 17, 2021. Page Numbers: 1 − 42. Date of Issuance: May 4, 2021. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/25/2021. Redacted Transcript Deadline set for 6/4/2021. Release of Transcript Restriction set for 8/2/2021.(Hook, Jeff) (Entered: 05/04/2021) |
| 05/21/2021 | 41 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. Attorney Jared Russell Wigginton terminated. (Wigginton, Jared) (Entered: 05/21/2021) |
| 05/24/2021 | 42 | ENTERED IN ERROR. . . . .MOTION for Partial Summary Judgment by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration Declaration, # 2 Text of Proposed Order Proposed Order)(Galloni, Tania) Modified on 5/25/2021 (ztd). (Entered: 05/24/2021) |
| 05/24/2021 | 43 | REPLY to opposition to motion re 31 Motion for Partial Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration Declaration, # 2 Text of Proposed Order Proposed Order)(Galloni, Tania) Modified text and linkage on 5/25/2021 (ztd). (Entered: 05/24/2021) |
| 05/24/2021 | 44 | Memorandum in opposition to re 34 Cross MOTION for Summary Judgment *(Partial)*, 36 Cross MOTION to Dismiss filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (SEE DOCKET ENTRY NO. 43 TO VIEW.) (ztd) (Entered: 05/25/2021) |
| 06/07/2021 | 45 | REPLY to opposition to motion re 34 Cross MOTION for Summary Judgment *(Partial)* filed by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Coghlan, Andrew) (Entered: 06/07/2021) |
| 06/07/2021 | 46 | REPLY to opposition to motion re 36 Cross MOTION to Dismiss filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 06/07/2021) |
| 06/11/2021 | 47 | MOTION for Leave to File *A SUR–REPLY IN RESPONSE TO DEFENDANTS CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT AND INTERVENORS CROSS–MOTION FOR DISMISSAL* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Text of Proposed Order)(Galloni, Tania) (Entered: 06/11/2021) |
| 06/14/2021 | 48 | RESPONSE re 47 MOTION for Leave to File *A SUR–REPLY IN RESPONSE TO DEFENDANTS CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT AND INTERVENORS CROSS–MOTION FOR DISMISSAL* filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Text of Proposed Order)(Wood, Jeffrey) (Entered: 06/14/2021) |

| 06/21/2021 | 49 | JOINT APPENDIX by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Joint Appendix AR Index)(Galloni, Tania) (Entered: 06/21/2021) |
|---|---|---|
| 06/22/2021 | 50 | Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/22/2021 | 51 | LARGE ADDITIONAL ATTACHMENT(S) – Part 1 0001–0002 A5 by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (rj) (Entered: 06/22/2021) |
| 06/22/2021 | 52 | LARGE ADDITIONAL ATTACHMENT(S) *Part 2 – 0002–A6–A28, Part 3 – 0002–A29–A31, Part 4a – 0002–A32, Part 4b – 0002–A32, Part 4c – 0002–A32* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 50 Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 51 Large Additional Attachment(s), filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 AR Documents – Part 3, # 2 AR Documents – Part 4a, # 3 AR Documents – Part 4b, # 4 AR Documents – Part 4c)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/22/2021 | 53 | LARGE ADDITIONAL ATTACHMENT(S) *Part 5a – 0002–A33, Part 5b – 0002–A33, Part 5c – 0002–A33 – A34, Part 6a – 0002–A35, Part 6b – 0002–A35, Part 6c – 0002–A35* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 50 Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, |

| | | |
|---|---|---|
| | | CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 AR Documents – Part 5b, # 2 AR Documents – Part 5c, # 3 AR Documents – Part 6a, # 4 AR Documents – Part 6b, # 5 AR Documents – Part 6c)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/22/2021 | 54 | LARGE ADDITIONAL ATTACHMENT(S) *Part 7a − 0002−A36−A38, Part 7b − 0002−A39, Part 7c − 0002−A39−A40, Part 8 − 0002−A41−A51* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 50 Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 AR Documents – Part 7b, # 2 AR Documents – Part 7c, # 3 AR Documents – Part 8)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/22/2021 | 55 | LARGE ADDITIONAL ATTACHMENT(S) *Part 9 − 0002−A52 − 0012−A18, Part 10a − 0012−A19 − 0020−A1, Part 10b − 0020−A2, Part 10c − 0020−A3 − 0051−A2* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 50 Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 AR Documents – Part 10a, # 2 AR Documents – Part 10b, # 3 AR Documents – Part 10c)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/22/2021 | 56 | LARGE ADDITIONAL ATTACHMENT(S) *Part 11 − 0066−A1 − 0386−A6, Part 12 − 0386−A7 − 0662* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 49 Joint Appendix filed by FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 50 Unopposed MOTION for Extension of Time to File *CONTENTS OF JOINT APPENDIX* filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 AR Documents – Part 12)(Galloni, Tania) (Entered: 06/22/2021) |
| 06/24/2021 | 57 | NOTICE *OF FILING AMENDED INDEX TO JOINT APPENDIX* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI |

| | | |
|---|---|---|
| | | WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER re 49 Joint Appendix (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Galloni, Tania) (Entered: 06/24/2021) |
| 06/26/2021 | | MINUTE ORDER: Upon consideration of Plaintiffs' Unopposed Motion for Extension of Time to File Contents of Joint Appendix, Dkt. 50 , it is hereby ORDERED that the Motion is GRANTED. It is further ORDERED that the Joint Appendix is hereby deemed timely filed. Signed by Judge Randolph D. Moss on 6/26/2021. (lcrdm3) (Entered: 06/26/2021) |
| 08/17/2021 | 58 | NOTICE of Change of Address by Mohammad Omar Jazil (Jazil, Mohammad) (Entered: 08/17/2021) |
| 10/28/2021 | 59 | NOTICE OF SUPPLEMENTAL AUTHORITY by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Attachments: # 1 Exhibit EPA Current Implementation of Waters of the United States, # 2 Exhibit FDEP WOTUS Determinations)(Galloni, Tania) (Entered: 10/28/2021) |
| 11/04/2021 | 60 | RESPONSE re 59 NOTICE OF SUPPLEMENTAL AUTHORITY, filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 11/04/2021) |
| 01/04/2022 | 61 | MOTION for Leave to File *FIRST AMENDED COMPLAINT* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Text of Proposed Order Proposed Order)(Reichert, Christina) (Entered: 01/04/2022) |
| 01/04/2022 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for leave to file an amended complaint, Dkt. 61 , it is hereby ORDERED that (1) the State of Florida shall respond on or before January 18, 2022; and (2) Plaintiffs shall file their reply brief on or before January 25, 2022. Signed by Judge Randolph D. Moss on 1/4/2022. (lcrdm3) (Entered: 01/04/2022) |
| 01/05/2022 | 62 | MOTION to Amend/Correct 61 MOTION for Leave to File *FIRST AMENDED COMPLAINT* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Text of Proposed Order Proposed Order)(Reichert, Christina) (Entered: 01/05/2022) |
| 01/18/2022 | 63 | RESPONSE re 62 MOTION to Amend/Correct 61 MOTION for Leave to File *FIRST AMENDED COMPLAINT* filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 01/18/2022) |
| 01/21/2022 | 64 | REPLY to opposition to motion re 62 MOTION to Amend/Correct 61 MOTION for Leave to File *FIRST AMENDED COMPLAINT* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit Exhibit 1)(Reichert, Christina) (Entered: 01/21/2022) |
| 01/25/2022 | 65 | MOTION for Leave to Supplement Briefing on Motion for Partial Summary Judgment with Admission by EPA re 31 MOTION for Partial Summary Judgment by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit EPA Memorandum in Adamkus)(Galloni, Tania) Modified event on 1/26/2022 (znmw). (Entered: 01/25/2022) |
| 01/25/2022 | | MINUTE ORDER: Upon consideration of plaintiffs' motion for leave to supplement briefing, Dkt. 65 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) EPA and the State of Florida shall file any response, not to exceed five pages, on or before February 2, 2022; and (2) plaintiffs shall file their reply brief, not to exceed three pages, on or before February 9, 2022. Signed by Judge Randolph D. Moss on 1/25/2022. (lczg) (Entered: 01/25/2022) |
| 02/02/2022 | 66 | SUPPLEMENTAL MEMORANDUM to re 65 MOTION for Leave to File filed by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Coghlan, Andrew) (Entered: 02/02/2022) |
| 02/02/2022 | 67 | SUPPLEMENTAL MEMORANDUM to re 65 MOTION for Leave to File filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 02/02/2022) |
| 02/09/2022 | 68 | REPLY re 67 Supplemental Memorandum, 66 Supplemental Memorandum, *IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: ADMISSION BY EPA* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 02/09/2022) |
| 03/01/2022 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for leave to file a surreply, Dkt. 47 , it is hereby ORDERED that Plaintiffs shall file their proposed surreply on or before March 4, 2022, to assist in the Court's evaluation of that motion and Defendant–Intervenor's opposition. Signed by Judge Randolph D. Moss on 3/1/2022. (lcrdm3) (Entered: 03/01/2022) |
| 03/04/2022 | 69 | SURREPLY to re 34 Cross MOTION for Summary Judgment *(Partial)*, 36 Cross MOTION to Dismiss *(PROPOSED)* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 03/04/2022) |
| 03/04/2022 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for partial summary judgment, Dkt. 31 , the government's cross–motion for partial summary judgment, Dkt. 34 , the State of Florida's cross–motion to dismiss, Dkt. 36 , and Plaintiffs' amended motion for leave to file an amended complaint, Dkt. 62 , it is hereby ORDERED that the parties shall appear by video for a motions hearing on March 15, 2022, at 3:00 p.m. The parties will receive Zoom log–in information for the motions |

| | | |
|---|---|---|
| | | hearing from the Deputy Clerk of Court. Signed by Judge Randolph D. Moss on 03/04/2022. (lcrdm3) (Entered: 03/04/2022) |
| 03/15/2022 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Video (Zoom) Motion Hearing held on 3/15/2022 re: 31 MOTION for Partial Summary Judgment filed by CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 34 Cross MOTION for Summary Judgment *(Partial)* filed by MARY WALKER, SUSAN BODINE, SCOTT SPELLMON, DAVE ROSS, UNITED STATES FISH AND WILDLIFE SERVICE, UNITED STATES ARMY CORPS OF ENGINEERS, DAVID FOTOUHI, ANDREW KELLY, AURELIA SKIPWITH, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEOPOLDO MIRANDA–CASTRO, ANDREW WHEELER, 36 Cross MOTION to Dismiss filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, and 62 MOTION to Amend/Correct by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. Matters TAKEN UNDER ADVISEMENT; Supplemental filings due by Friday. (Court Reporter: Jeff Hook.) (kt) (Entered: 03/15/2022) |
| 03/18/2022 | 70 | SUPPLEMENTAL MEMORANDUM re 31 MOTION for Partial Summary Judgment filed by DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit Composite CFR Provisions of EPA–approved state programs, # 2 Exhibit Comparison of ESA Biological Opinions and Florida Program)(Galloni, Tania) Modified event title on 3/21/2022 (znmw). (Entered: 03/18/2022) |
| 03/18/2022 | 71 | SUPPLEMENTAL MEMORANDUM re 34 Cross MOTION for Summary Judgment *(Partial)* filed by MARY WALKER, SUSAN BODINE, SCOTT SPELLMON, DAVE ROSS, UNITED STATES FISH AND WILDLIFE SERVICE, UNITED STATES ARMY CORPS OF ENGINEERS, DAVID FOTOUHI, ANDREW KELLY, AURELIA SKIPWITH, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEOPOLDO MIRANDA–CASTRO, ANDREW WHEELER by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Coghlan, Andrew) Modified event title on 3/21/2022 (znmw). (Entered: 03/18/2022) |
| 03/18/2022 | 72 | SUPPLEMENTAL MEMORANDUM re 36 Cross MOTION to Dismiss filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION by STATE OF FLORIDA. (Attachments: # 1 Exhibit Exhibit A – Side–by–Side Comparison, # 2 Exhibit Exhibit B – EIS Search Results)(Wood, Jeffrey) Modified event title on 3/21/2022 (znmw). (Entered: 03/18/2022) |

| 03/30/2022 | 73 | MEMORANDUM OPINION AND ORDER: For the reasons provided in the attached Memorandum Opinion and Order, it is hereby ORDERED that Plaintiffs' motion for partial summary judgment, Dkt. 31 , is DENIED with respect to Count Nine and DENIED without prejudice as to Count Eight; the EPA's cross–motion for partial summary judgment, Dkt. 34 , is GRANTED with respect to Count Nine and DENIED without prejudice with respect to Count Eight; and Florida's cross–motion to dismiss, Dkt. 36 , is GRANTED with respect to Count Nine, DENIED without prejudice as to Count Eight, and DENIED in all other respects. It is further ORDERED that the parties shall meet and confer regarding next steps in this litigation and shall appear by video for a status conference on April 18, 2022, at 3:00 p.m. See document for details. Signed by Judge Randolph D. Moss on 03/30/2022. (lcrdm3) (Entered: 03/30/2022) |
|---|---|---|
| 04/01/2022 | | MINUTE ORDER: Due to a conflict in the Court's schedule, it is hereby ORDERED that the video status conference currently scheduled for April 18, 2022, at 3:00 p.m., is VACATED and RESCHEDULED for April 14, 2022, at 9:00 a.m. To access the video status conference, the parties may use the same Zoom log–in information previously provided by the Deputy Clerk of Court. Signed by Judge Randolph D. Moss on 04/01/2022. (lcrdm3) (Entered: 04/01/2022) |
| 04/01/2022 | 74 | Unopposed MOTION to Continue *Status Conference* by ANDREW WHEELER, SUSAN BODINE, DAVID FOTOUHI, ANDREW KELLY, LEOPOLDO MIRANDA–CASTRO, DAVE ROSS, AURELIA SKIPWITH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER. (Attachments: # 1 Text of Proposed Order)(Coghlan, Andrew) (Entered: 04/01/2022) |
| 04/01/2022 | | MINUTE ORDER: Upon consideration of the unopposed motion to continue, Dkt. 74 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the video status conference currently scheduled for April 14, 2022, at 9:00 a.m., is VACATED and RESCHEDULED for April 19, 2022, at 9:00 a.m. To access the video status conference, the parties may use the same Zoom log–in information previously provided by the Deputy Clerk of Court. Signed by Judge Randolph D. Moss on 04/01/2022. (lcrdm3) (Entered: 04/01/2022) |
| 04/18/2022 | 75 | NOTICE of Appearance by Gary V. Perko on behalf of ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE (Perko, Gary) (Entered: 04/18/2022) |
| 04/18/2022 | 76 | NOTICE of Change of Address by Gary V. Perko (Perko, Gary) (Entered: 04/18/2022) |
| 04/19/2022 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Video (Zoom) Status Conference held on 4/19/2022. Plaintiffs' supplemental brief due by 4/26/2022; Defendant EPA's response due by 5/26/2022; Movant and Florida Intervenor responses due by 6/9/2022; Plaintiffs' consolidated reply due by 6/23/2022. A Motion Hearing is set for 7/22/2022, at 2:00 PM, by video (same link), before Judge Randolph D. Moss. Plaintiffs' 61 Motion for Leave to File First Amended Complaint is GRANTED, and the Amended Complaint is deemed filed. Defendant's Answer due by 5/19/2022; Florida's Answer due by 5/26/2022; Lodging of the record due by 7/18/2022; Any opposition due by 8/1/2022; Federal Defendants' Response due by 8/15/2022; Any agreement to add to the record by Federal Defendants, due by 8/29/2022, and if no agreement, then Plaintiffs' and Intervenors motion to challenge is due by 8/29/2022; Federal Defendants' Response due by 9/26/2022; Plaintiffs' Reply |

| | | |
|---|---|---|
| | | due by 10/11/2022. A Status Conference is set for 10/21/2022, at 10:00 AM, by video (same link), before Judge Randolph D. Moss. (Court Reporter: Jeff Hook.) (kt) Modified on 4/19/2022 to add date/language to include motion to challenge if no agreement (kt). (Entered: 04/19/2022) |
| 04/19/2022 | 77 | AMENDED COMPLAINT against LEOPOLDO MIRANDA–CASTRO, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MICHAEL S. REGAN, RADHIKA FOX, JEFFREY PRIETO, LAWRENCE STARFIELD, JOHN BLEVINS, MARTHA WILLIAMS, JAMES BOOTH filed by DEFENDERS OF WILDLIFE, CENTER FOR BIOLOGICAL DIVERSITY, ST. JOHNS RIVERKEEPER, SIERRA CLUB, CONSERVANCY OF SOUTHWEST FLORIDA, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER. (Attachments: # 1 Exhibits)(znmw) (Entered: 04/19/2022) |
| 04/26/2022 | 78 | SUPPLEMENTAL MEMORANDUM to re 31 MOTION for Partial Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 04/26/2022) |
| 05/19/2022 | 79 | ANSWER to 77 Amended Complaint,, by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS.(Finnegan, Alison) (Entered: 05/19/2022) |
| 05/24/2022 | 80 | NOTICE of Appearance by Edward M. Wenger on behalf of ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE (Wenger, Edward) (Entered: 05/24/2022) |
| 05/26/2022 | 81 | ANSWER to 77 Amended Complaint,, by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA.(Wood, Jeffrey) (Entered: 05/26/2022) |
| 05/26/2022 | 82 | SUPPLEMENTAL MEMORANDUM to re 34 Cross MOTION for Summary Judgment *(Partial)* filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 05/26/2022) |
| 06/09/2022 | 83 | SUPPLEMENTAL MEMORANDUM to re 36 Cross MOTION to Dismiss filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Exhibit Exh. 1 – Cover Email dated Jan. 20, 2021)(Wood, Jeffrey) (Entered: 06/09/2022) |
| 06/09/2022 | 84 | SUPPLEMENTAL MEMORANDUM re 36 Cross MOTION to Dismiss filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE. (Jazil, |

| | | |
|---|---|---|
| | | Mohammad) Modified event title on 6/9/2022 (znmw). (Entered: 06/09/2022) |
| 06/17/2022 | 85 | Unopposed MOTION for Extension of Time to File Response/Reply *on Redressability as to Claim 8* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 06/17/2022) |
| 06/21/2022 | | MINUTE ORDER: Upon consideration of Plaintiffs' unopposed motion for extension of time, Dkt. 85 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Plaintiffs shall file their consolidated reply brief on redressability on or before June 30, 2022. Signed by Judge Randolph D. Moss on 06/21/2022. (lcrdm3) (Entered: 06/21/2022) |
| 06/29/2022 | 86 | NOTICE *of Filing Certified Index to the Administrative Record* by JAMES BOOTH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS (Attachments: # 1 Certification, # 2 Index)(Coghlan, Andrew) (Entered: 06/29/2022) |
| 06/30/2022 | 87 | SUPPLEMENTAL MEMORANDUM to re 31 MOTION for Partial Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit, # 2 Exhibit)(Galloni, Tania) (Entered: 06/30/2022) |
| 07/14/2022 | 88 | TRANSCRIPT OF VIDEO MOTION HEARING before Judge Randolph D. Moss held on March 15, 2022. Page Numbers: 1 – 135. Date of Issuance: July 14, 2022. Court Reporter: Jeff Hook. Telephone number: 202–354–3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter ref erenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/4/2022. Redacted Transcript Deadline set for 8/14/2022. Release of Transcript Restriction set for 10/12/2022.(Hook, Jeff) (Entered: 07/14/2022) |
| 07/15/2022 | | MINUTE ORDER: Due to a conflict in the Court's schedule, the video motions hearing scheduled in this matter for July 22, 2022, at 2:00 p.m., is hereby VACATED and RESCHEDULED for August 17, 2022, at 2:00 p.m. Signed by Judge Randolph D. Moss on 07/15/2022. (lcrdm3) (Entered: 07/15/2022) |
| 07/18/2022 | 89 | NOTICE *of Filing Second Amended Index to the Administrative Record* by JOHN BLEVINS, RADHIKA FOX, JEFFREY PRIETO, MICHAEL S. REGAN, |

| | | |
|---|---|---|
| | | LAWRENCE STARFIELD, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 Certification, # 2 Second Amended Index)(Finnegan, Alison) (Entered: 07/18/2022) |
| 07/18/2022 | 90 | NOTICE *of Filing Certified Index to the Administrative Record* by LEOPOLDO MIRANDA–CASTRO, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS (Attachments: # 1 Certification, # 2 Index)(Finnegan, Alison) (Entered: 07/18/2022) |
| 07/26/2022 | 91 | Joint MOTION to Modify Scheduling Order *to be Modified* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Text of Proposed Order)(Galloni, Tania) Modified event on 7/27/2022 (znmw). (Entered: 07/26/2022) |
| 07/27/2022 | | MINUTE ORDER: Upon consideration of the parties' joint motion to modify administrative record deadlines, Dkt. 91 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) Plaintiffs and Intervenor shall notify Federal Defendants of any record issues on or before September 1, 2022; (2) Federal Defendants shall respond to Plaintiffs and Intervenors on or before September 16, 2022; (3) any agreement to add to the record shall be filed by Federal Defendants on or before September 30, 2022; (4) Plaintiffs and Intervenors shall file any motions challenging the adequacy of the record on or before October 7, 2022; (5) Federal Defendants shall file a response to any motions on or before November 4, 2022; and (6) Plaintiffs and Intervenors shall file any reply on or before November 14, 2022. It is further ORDERED that the video status conference scheduled in this matter for October 21, 2022, at 10:00 a.m. is hereby VACATED and RESCHEDULED for 9:00 a.m. on November 22, 2022, by video. Signed by Judge Randolph D. Moss on 07/27/2022. (lcrdm3) (Entered: 07/27/2022) |
| 08/02/2022 | | MINUTE ORDER: Due to a conflict in the Court's schedule, the video motions hearing scheduled in this matter for August 17, 2022, at 2:00 p.m., is hereby VACATED and RESCHEDULED for October 17, 2022, at 10:00 a.m. Signed by Judge Randolph D. Moss on 08/02/2022. (lcrdm3) (Entered: 08/02/2022) |
| 10/05/2022 | 92 | Unopposed MOTION for Scheduling Order *to be Modified* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Text of Proposed Order Proposed Order)(Galloni, Tania) (Entered: 10/05/2022) |
| 10/07/2022 | | MINUTE ORDER: Upon consideration of Plaintiffs' unopposed motion to modify administrative record deadlines, Dkt. 92 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) Plaintiffs and Intervenors shall file any motions challenging the adequacy of the record on or before October 14, 2022; (2) Federal Defendants shall file a response to any motions on or before November 14, 2022; and (3) Plaintiffs and Intervenors shall file any replies on or before November 21, 2022. Signed by Judge Randolph D. Moss on 10/7/2022. (lcrdm3) (Entered: 10/07/2022) |
| 10/17/2022 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Video (Zoom) Motion Hearing held on 10/17/2022 re: supplemental briefing on the motions for summary judgment. For the reasons stated on the record, the parties shall file a Joint |

| | | |
|---|---|---|
| | | Status Report by 11/15/2022. Matter taken UNDER ADVISEMENT. (Court Reporter: Nancy Meyer.) (kt) (Entered: 10/17/2022) |
| 11/01/2022 | 93 | NOTICE *of Filing Certified Index to Revised Administrative Record* by UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS (Attachments: # 1 Certification, # 2 Index to Revised Administrative Record)(Finnegan, Alison) (Entered: 11/01/2022) |
| 11/01/2022 | 94 | NOTICE *of Filing Certified Index to Revised Administrative Record* by JAMES BOOTH, SCOTT SPELLMON, UNITED STATES ARMY CORPS OF ENGINEERS (Attachments: # 1 Certification, # 2 Index to Revised Administrative Record)(Coghlan, Andrew) (Entered: 11/01/2022) |
| 11/01/2022 | 95 | NOTICE *of Filing Certified Index to Third Revised Administrative Record* by JOHN BLEVINS, RADHIKA FOX, JEFFREY PRIETO, MICHAEL S. REGAN, LAWRENCE STARFIELD, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Attachments: # 1 Certification, # 2 Revised Index)(Coghlan, Andrew) (Entered: 11/01/2022) |
| 11/15/2022 | 96 | Joint STATUS REPORT by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 11/15/2022) |
| 11/18/2022 | | MINUTE ORDER: Upon consideration of the parties' joint status report, it is hereby ORDERED that the status conference scheduled in this matter on November 22, 2022, at 9:00 a.m. is hereby VACATED. Signed by Judge Randolph D. Moss on 11/18/2022. (lcrdm3) (Entered: 11/18/2022) |
| 01/30/2023 | 97 | Joint MOTION for Scheduling Order by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Text of Proposed Order)(Galloni, Tania) (Entered: 01/30/2023) |
| 01/31/2023 | | MINUTE ORDER: Upon consideration of the parties' joint motion for scheduling order, Dkt. 97 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that (1) Plaintiffs shall file a motion for summary judgment of no more than 70 pages on or before February 28, 2023; (2) Defendants shall file a response and cross–motion for summary judgment of no more than 70 pages on or before April 26, 2023; (3) Intervenors shall file a response and cross–motion for summary judgment of no more than 50 pages on or before May 10, 2023; (4) Plaintiffs shall file a reply and response, of no more than 100 total pages, to the motions filed by Defendants and Intervenors, on or before June 9, 2023; (5) Defendants shall file their reply of no more than 40 pages on or before June 30, 2023; and (6) Intervenors shall file their reply of no more than 30 pages on or before July 7, 2023. It is further ORDERED that Plaintiffs shall, if necessary, file a separate motion for leave to file a surreply after the conclusion of briefing. It is further ORDERED that the parties shall appear for oral argument on their motions before Judge Randolph D. Moss on September 8, 2023, at 10:00 a.m., in Courtroom 8. Signed by Judge Randolph D. Moss on 1/31/2023. (lcrdm3) (Entered: 01/31/2023) |
| 02/28/2023 | 98 | |

| | | |
|---|---|---|
| | | MOTION for Summary Judgment by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Declaration of Amber Crooks, # 2 Declaration of Andrew Carter, # 3 Declaration of Elizabeth Fleming, # 4 Declaration of Brett Hartl, # 5 Declaration of Matt Schwartz, # 6 Declaration of Lisa Rinaman, # 7 Declaration of Rachel Silverstein, # 8 Declaration of Preston Robertson, # 9 Declaration of Sarah Gledhill, # 10 Declaration of Diana Umpierre, # 11 Declaration of Richard Hamann, # 12 Declaration of Sarah Hollenhorst, # 13 Declaration of Bob Knight, # 14 Proposed Order)(Galloni, Tania) (Entered: 02/28/2023) |
| 04/26/2023 | 99 | Cross MOTION for Summary Judgment by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARY WALKER, MARTHA WILLIAMS. (Attachments: # 1 Exhibit A – State Law Criminal Negligence Standards and Statutes of Limitations, # 2 Exhibit B – Declaration of Denisse D. Diaz, # 3 Text of Proposed Order)(Coghlan, Andrew) (Entered: 04/26/2023) |
| 04/26/2023 | 100 | Memorandum in opposition to re 98 Motion for Summary Judgment,,, filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE. (Attachments: # 1 Exhibit A – State Law Criminal Negligence Standards and Statutes of Limitations, # 2 Exhibit B – Declaration of Denisse D. Diaz, # 3 Text of Proposed Order)(Coghlan, Andrew) (Entered: 04/26/2023) |
| 05/10/2023 | 101 | Cross MOTION for Summary Judgment by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Text of Proposed Order)(Wood, Jeffrey) (Entered: 05/10/2023) |
| 05/10/2023 | 102 | Memorandum in opposition to re 98 Motion for Summary Judgment,,, 99 Motion for Summary Judgment,, 101 Motion for Summary Judgment *(Cross Motions)* filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Exhibit Exhibit A – Declaration of Justin Wolfe)(Wood, Jeffrey) (Entered: 05/10/2023) |
| 05/10/2023 | 103 | AMICUS BRIEF re 99 Cross MOTION for Summary Judgment filed by JEFFREY PRIETO, MARY WALKER, LAWRENCE STARFIELD, SCOTT SPELLMON, UNITED STATES FISH AND WILDLIFE SERVICE, MICHAEL S. REGAN, MARTHA WILLIAMS, UNITED STATES ARMY CORPS OF ENGINEERS, JAMES BOOTH, JOHN BLEVINS, RADHIKA FOX, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEOPOLDO MIRANDA–CASTRO, 101 Cross MOTION for Summary Judgment filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE. (Wenger, Edward) Modified on 5/11/2023 to correct event (zjm). (Entered: 05/10/2023) |
| 06/09/2023 | 104 | |

|  |  | REPLY to opposition to motion re 98 MOTION for Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit 1: Supplemental Declaration of Amber Crooks, # 2 Exhibit 2: Supplemental Declaration of Rachel Silverstein, # 3 Exhibit 3: Supplemental Declaration of Lisa Rinaman)(Galloni, Tania) (Attachment 2 replaced on 6/12/2023) (rj). Modified on 6/12/2023 to flatten pdf (rj). (Entered: 06/09/2023) |
|---|---|---|
| 06/09/2023 | 105 | RESPONSE re 99 Cross MOTION for Summary Judgment , 101 Cross MOTION for Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit 1: Supplemental Declaration of Amber Crooks, # 2 Exhibit 2: Supplemental Declaration of Rachel Silverstein, # 3 Exhibit 3: Supplemental Declaration of Lisa Rinaman)(Galloni, Tania) (Attachment 2 replaced on 6/12/2023) (rj). Modified on 6/12/2023 to flatten pdf(rj). (Entered: 06/09/2023) |
| 06/30/2023 | 106 | REPLY to opposition to motion re 99 Cross MOTION for Summary Judgment filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 06/30/2023) |
| 07/07/2023 | 107 | REPLY re 98 MOTION for Summary Judgment , 99 Cross MOTION for Summary Judgment , 101 Cross MOTION for Summary Judgment filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Exhibit Supplemental Declaration of Justin Wolfe)(Wood, Jeffrey) (Entered: 07/07/2023) |
| 07/07/2023 | 108 | AMICUS BRIEF *Reply in Support of Defendants' Motions for Summary Judgment* by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE. (Wenger, Edward) (Entered: 07/07/2023) |
| 07/14/2023 | 109 | MOTION for Leave to File *Sur–Reply and Exhibit* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Galloni, Tania) (Entered: 07/14/2023) |
| 07/14/2023 | 110 | Unopposed MOTION for Extension of Time to File Response/Reply as to 109 MOTION for Leave to File *Sur–Reply and Exhibit by Florida Intervenors and* by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Finnegan, Alison) (Entered: 07/14/2023) |
| 07/17/2023 |  |  |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of Defendants' unopposed motion, Dkt. 110 , for extension of time to respond to plaintiffs' motion for leave to file sur–reply and exhibit, Dkt. 109 , it is hereby ORDERED that it is GRANTED. It is further ORDERED that Defendants shall file their respective oppositions to Plaintiffs' motion on or before August 4, 2023. Signed by Judge Randolph D. Moss on 07/17/2023. (lcrdm3) (Entered: 07/17/2023) |
| 07/19/2023 | 111 | JOINT APPENDIX *Notice of Filing Supplemental Joint Appendix* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 07/19/2023) |
| 07/19/2023 | 112 | LARGE ADDITIONAL ATTACHMENT(S) *(Supplemental Joint Appendix)* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER 111 Joint Appendix, filed by FLORIDA WILDLIFE FEDERATION, DEFENDERS OF WILDLIFE, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY. (Attachments: # 1 Supplemental Joint Appx: Volume 1, # 2 Supplemental Joint Appx: Volume 2, # 3 Supplemental Joint Appx: Volume 3, # 4 Supplemental Joint Appx: Volume 4, # 5 Supplemental Joint Appx: Volume 5, # 6 Supplemental Joint Appx: Volume 6, # 7 Supplemental Joint Appx: Volume 7, # 8 Supplemental Joint Appx: Volume 8)(Galloni, Tania) (Entered: 07/19/2023) |
| 07/19/2023 | 113 | NOTICE *of Completion of Biological Evaluation* by JOHN BLEVINS, RADHIKA FOX, JEFFREY PRIETO, MICHAEL S. REGAN, LAWRENCE STARFIELD, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Finnegan, Alison) (Entered: 07/19/2023) |
| 07/19/2023 | 114 | JOINT APPENDIX *(Index)* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Index to Supplemental Joint Appendix)(Galloni, Tania) (Entered: 07/19/2023) |
| 07/19/2023 | 115 | NOTICE *of Proposed Agency Action* by JOHN BLEVINS, RADHIKA FOX, JEFFREY PRIETO, MICHAEL S. REGAN, LAWRENCE STARFIELD, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (Finnegan, Alison) (Entered: 07/19/2023) |
| 07/27/2023 | | NOTICE of Hearing on Motion 99 Cross MOTION for Summary Judgment , 101 Cross MOTION for Summary Judgment , 98 MOTION for Summary Judgment : Motion Hearing set for 10/13/2023 at 10:00 AM in Courtroom 8– In Person before Judge Randolph D. Moss. (zglw) (Entered: 07/27/2023) |
| 08/04/2023 | 116 | Memorandum in opposition to re 109 Motion for Leave to File, filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 08/04/2023) |

| 08/04/2023 | 117 | Memorandum in opposition to re 109 Motion for Leave to File, filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 08/04/2023) |
|---|---|---|
| 08/11/2023 | 118 | REPLY to opposition to motion re 109 MOTION for Leave to File *Sur–Reply and Exhibit* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 08/11/2023) |
| 08/23/2023 | 119 | MEMORANDUM OPINION AND ORDER: For the reasons provided in the attached Memorandum Opinion and Order, it is hereby ORDERED that: (1) Plaintiff's renewed motion for partial summary judgment, Dkt. 78 , is DENIED; (2) the EPA's renewed cross–motion for partial summary judgment, Dkt. 82 , is GRANTED; (3) Florida's renewed cross–motion to dismiss, Dkt. 83 , is GRANTED; and (4) Count 8 of Plaintiffs' amended complaint is hereby DISMISSED without prejudice for lack of jurisdiction. See document for details. Signed by Judge Randolph D. Moss on 08/23/2023. (lcrdm3) (Entered: 08/23/2023) |
| 09/22/2023 | 120 | MOTION for Leave to File *Supplemental Declaration* by SIERRA CLUB. (Attachments: # 1 Exhibit Declaration of Cris Costello)(Galloni, Tania) (Entered: 09/22/2023) |
| 09/25/2023 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for leave to file supplemental declaration, Dkt. 120 , it is hereby ORDERED that the motion is GRANTED. Signed by Judge Randolph D. Moss on 09/25/2023. (lcrdm3) (Entered: 09/25/2023) |
| 09/25/2023 | 121 | DECLARATION *of Cris Costello* by SIERRA CLUB re 98 MOTION for Summary Judgment . (Galloni, Tania) (Entered: 09/25/2023) |
| 10/05/2023 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for leave to file surreply and exhibit, Dkt. 109 , it is hereby ORDERED that the motion is GRANTED. "The decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court, and in making its decision, the Court considers whether the surreply is helpful to the adjudication" of the pending motions and "whether the defendant[s] will be unduly prejudiced if the Court grants leave to allow the surreply." *Plunkett v. Dep't of Just.*, 249 F. Supp. 3d 73, 74 n.2 (D.D.C. 2017) (internal quotation marks and alterations omitted). The Court concludes that Plaintiffs' surreply will be helpful to the resolution of the pending motions and that neither the EPA nor Florida will be unduly prejudiced by the grant of leave to file. Signed by Judge Randolph D. Moss on 10/5/2023. (lcrdm3) (Entered: 10/05/2023) |
| 10/05/2023 | 122 | ENTERED IN ERROR.....SURREPLY to re 99 Cross MOTION for Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachment: # 1 Exhibit)(zjm) Modified on 10/6/2023 surreply will be filed at a later time (zjm). (Entered: 10/06/2023) |
| 10/06/2023 | | MINUTE ORDER: The Clerk is directed to substitute Michael S. Regan, Administrator, U.S. Environmental Protection Agency for Defendant Andrew Wheeler in this case. *See* Fed. R. Civ. P. 25(d). The Clerk is further directed to update the case caption to reflect this substitution. Signed by Judge Randolph D. Moss on 10/06/2023. (lcrdm3) Modified on 10/13/2023 to add substitute "for"(zglw). (Entered: |

| | | |
|---|---|---|
| | | 10/06/2023) |
| 10/06/2023 | | MINUTE ORDER: By way of clarification, it is hereby ORDERED that Plaintiffs' surreply and exhibit, *see* Dkt. 109; Min. Order (Oct. 5, 2023), shall be filed on or before October 12, 2023. It is further ORDERED that Plaintiffs' surreply shall not exceed 20 pages in length. In order to allow the Court time to review this filing, the hearing originally scheduled for October 11, 2023, is hereby VACATED and RESCHEDULED for October 19, 2023, at 2:00 p.m., in Courtroom 8. Signed by Judge Randolph D. Moss on 10/06/2023. (lcrdm3) (Entered: 10/06/2023) |
| 10/12/2023 | 123 | SURREPLY to re 98 MOTION for Summary Judgment , 99 Cross MOTION for Summary Judgment , 101 Cross MOTION for Summary Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit)(Galloni, Tania) (Entered: 10/12/2023) |
| 10/18/2023 | 124 | NOTICE of Appearance by Kenneth Clark Daines on behalf of ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE (Daines, Kenneth) (Entered: 10/18/2023) |
| 10/19/2023 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 10/19/2023 re 98 MOTION for Summary Judgment filed by FLORIDA WILDLIFE FEDERATION, DEFENDERS OF WILDLIFE, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY, 99 Cross MOTION for Summary Judgment filed by JEFFREY PRIETO, MARY WALKER, LAWRENCE STARFIELD, SCOTT SPELLMON, UNITED STATES FISH AND WILDLIFE SERVICE, MICHAEL S. REGAN, MARTHA WILLIAMS, UNITED STATES ARMY CORPS OF ENGINEERS, JAMES BOOTH, JOHN BLEVINS, RADHIKA FOX, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, LEOPOLDO MIRANDA–CASTRO, 101 Cross MOTION for Summary Judgment filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION. (Court Reporter Tammi Sefranek) (zglw) (Entered: 10/20/2023) |
| 10/20/2023 | 125 | NOTICE *of Filing Addition to Supplemental Joint Appendix* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER re 111 Joint Appendix, (Attachments: # 1 Appendix Document FWS–006639)(Galloni, Tania) (Entered: 10/20/2023) |
| 10/20/2023 | 126 | NOTICE *of Filing Amended Index to Supplemental Joint Appendix* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER (Attachments: # 1 Amended Index to Supplemental Joint Appendix)(Galloni, Tania) (Entered: 10/20/2023) |
| 10/26/2023 | 127 | MOTION for Leave to File *Post–Hearing Memorandum* by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Post–Hearing Brief, # 2 Attachment 1 – Hearing Demonstrative, # 3 Attachment 2 – Michigan–Corps MOA, # 4 Attachment 3 – New Jersey–Corps |

| | | MOA)(Wood, Jeffrey) (Entered: 10/26/2023) |
|---|---|---|
| 10/27/2023 | 128 | RESPONSE re 127 MOTION for Leave to File *Post–Hearing Memorandum* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 10/27/2023) |
| 10/27/2023 | | MINUTE ORDER: Upon consideration of Intervenors' motion for leave to file a post–hearing memorandum, Dkt. 127 , and Plaintiffs' response thereto, Dkt. 128 , it is hereby ORDERED that Intervenors' motion is GRANTED. It is further ORDERED: (1) that Florida's 6–page memorandum at Dkt. 127 shall be deemed filed and (2) that Plaintiffs shall file, if any, a 6–page response on or before November 3, 2023. Signed by Judge Randolph D. Moss on 10/27/2023. (lctn) (Entered: 10/27/2023) |
| 10/27/2023 | 130 | MEMORANDUM by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (zjm) (Entered: 11/01/2023) |
| 10/30/2023 | 129 | RESPONSE re 130 Memorandum *Response to Florida Intervenors' Post–Hearing Memorandum, Dkt. 127–1* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) Modified on 11/1/2023 to correct event/ docket text/ add docket link (zjm). (Entered: 10/30/2023) |
| 11/06/2023 | 131 | MOTION for Leave to File *Supplemental Brief in Response to Issues Raised in Plaintiffs' Supplemental Filings* by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Attachments: # 1 Supplemental Brief in Response to Issues Raised in Plaintiffs' Supplemental Filings)(Coghlan, Andrew) (Entered: 11/06/2023) |
| 11/07/2023 | 132 | RESPONSE re 131 MOTION for Leave to File *Supplemental Brief in Response to Issues Raised in Plaintiffs' Supplemental Filings by Federal Defendants* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 11/07/2023) |
| 11/07/2023 | | MINUTE ORDER: Upon consideration of Federal Defendants' motion for leave to file supplemental brief, Dkt. 131 , it is hereby ORDERED that the motion is GRANTED. The brief attached to Dkt. 131 shall be deemed filed. Upon consideration of Plaintiffs' response, Dkt. 132 , in opposition to Dkt. 131 , the Court will allow Plaintiffs to submit a short response not to exceed 4 pages in length on or before November 13, 2023. No further briefs will be accepted with respect to the now fully briefed and submitted cross–motions for summary judgment. Signed by Judge Randolph D. Moss on 11/7/2023. (lcrdm3) (Entered: 11/07/2023) |
| 11/07/2023 | 134 | SUPPLEMENTAL MEMORANDUM to filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND |

| | | WILDLIFE SERVICE, MARTHA WILLIAMS. (zjm) (Entered: 11/15/2023) |
|---|---|---|
| 11/09/2023 | 133 | RESPONSE re 134 SUPPLEMENTAL MEMORANDUM *Response to Defendants' Supplemental Brief, Dkt. 131–1,* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) Modified on 11/15/2023 to add docket link (zjm). (Entered: 11/09/2023) |
| 12/04/2023 | 135 | MOTION for Temporary Restraining Order *by December 7, 2023,* MOTION for Preliminary Injunction by CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB. (Attachments: # 1 Exhibit Dec. of Robert Frakes, # 2 Exhibit Dec. of Joan Morrison, # 3 Exhibit Dec. of Matthew Schwartz, # 4 Exhibit Dec. of Michael McGrath, # 5 Exhibit Dec. of Rhonda Roff, # 6 Exhibit Bellmar Public Notice, # 7 Exhibit Bellmar Meeting Notice, # 8 Exhibit Bellmar Technical Assistance Form, # 9 Exhibit Kingston Public Notice, # 10 Exhibit Kingston Technical Assistance Form, # 11 Text of Proposed Order (TRO), # 12 Text of Proposed Order (Preliminary Injunction))(Galloni, Tania) (Entered: 12/04/2023) |
| 12/04/2023 | | MINUTE ORDER: In light of Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. 135 , the parties are hereby ORDERED to appear for a telephonic scheduling conference on December 5, 2023, at 8:00 a.m. Signed by Judge Randolph D. Moss on 12/4/2023. (lcrdm3) (Entered: 12/04/2023) |
| 12/04/2023 | | MINUTE ORDER: Due to a scheduling conflict, the telephonic scheduling conference currently set for December 5, 2023, at 8:00 a.m., is hereby RESCHEDULED to December 5, 2023, at 9:00 a.m. Signed by Judge Randolph D. Moss on 12/4/2023. (lcrdm3) (Entered: 12/04/2023) |
| 12/05/2023 | 136 | NOTICE *Following December 5, 2023 Scheduling Conference* by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA re 135 Motion for TRO,,, Motion for Preliminary Injunction,, (Attachments: # 1 Exhibit FDEP Letter dated Nov. 17, 2023, # 2 Exhibit FDEP Letter dated Dec. 1, 2023)(Wood, Jeffrey) (Entered: 12/05/2023) |
| 12/05/2023 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Scheduling Conference held on 12/5/2023 re 135 MOTION for Temporary Restraining Order. The Court ordered U.S. Environmental Protection Agency to provide notice with respect to timing for this litigation by close of business December 6, 2023. Parties are also ordered to file a joint status report with respect to a briefing schedule or their respective positions by 5 p.m. on December 7,2023. (Court Reporter Janice Dickman.) (zed) (Entered: 12/05/2023) |
| 12/06/2023 | 137 | NOTICE *Regarding Timing of EPA Review of Pending Permit Applications* by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS (Coghlan, Andrew) (Entered: 12/06/2023) |
| 12/07/2023 | 138 | Joint STATUS REPORT by CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB. (Galloni, Tania) (Entered: 12/07/2023) |
| 12/11/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of the parties' joint status report, Dkt. 138 , it is hereby ORDERED that the parties' proposed briefing schedule is adopted. It is further ORDERED that: (1) Defendants and Intervenors shall each file their responses on or before January 12, 2024; (2) Plaintiffs shall file their consolidated reply, not to exceed 50 pages in length, on or before January 26, 2024. Signed by Judge Randolph D. Moss on 12/11/2023. (lcrdm3) (Entered: 12/11/2023) |
| 12/22/2023 | 139 | Unopposed MOTION to Intervene *and Incorporated Memorandum of Law* by Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sibley, George) (Entered: 12/22/2023) |
| 12/22/2023 | 140 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises (Sibley, George) (Entered: 12/22/2023) |
| 12/22/2023 | 141 | NOTICE of Appearance by George P. Sibley, III on behalf of Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises (Sibley, George) (Entered: 12/22/2023) |
| 12/22/2023 | | MINUTE ORDER: Upon consideration of Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises' unopposed motion to intervene, Dkt. 139 , it is hereby ORDERED that the motion is GRANTED for the limited purposes of opposing Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. 135. It is further ORDERED that Tarpon Blue Silver King I shall file an opposition brief of no more than 10 pages on or before January 12, 2024 (the deadline set for Defendants to respond to Plaintiffs' motion). In light of this change, Plaintiffs shall be permitted to submit an additional 5 pages of argument in reply, for a total of 55 pages. If Tarpon Blue Silver King I seeks leave to intervene for any other purpose, it may file a supplemental motion. Signed by Judge Randolph D. Moss on 12/22/2023. (lcrdm3) (Entered: 12/22/2023) |
| 12/26/2023 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 141 NOTICE of Appearance by George P. Sibley, III on behalf of Tarpon Blue Silver King I, LLC d/b/a Collier Enterprises (Sibley, George). Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 1/2/2024. (zmrl) Modified on 5/6/2024 (znmw). (Entered: 12/26/2023) |
| 01/02/2024 | 142 | NOTICE of Appearance by Andrew Jacob Turner on behalf of TARPON BLUE SILVER KING I, LLC (Turner, Andrew) (Entered: 01/02/2024) |
| 01/02/2024 | 143 | NOTICE of Appearance by Elizabeth Carter Chandler Clements on behalf of TARPON BLUE SILVER KING I, LLC (Chandler Clements, Elizabeth) (Entered: 01/02/2024) |
| 01/09/2024 | 144 | Unopposed MOTION for Hearing re 135 MOTION for Temporary Restraining Order *by December 7, 2023* MOTION for Preliminary Injunction by CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB. (Attachments: # 1 Text of Proposed |

| | | |
|---|---|---|
| | | Order)(Galloni, Tania) (Entered: 01/09/2024) |
| 01/11/2024 | | MINUTE ORDER: Upon consideration of Plaintiffs' unopposed motion to set oral argument, Dkt. 144 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the parties shall appear for oral argument on Plaintiffs' motion for temporary restraining order and preliminary injunction, Dkt. 135 , on January 30, 2024, at 1:00 p.m., in Courtroom 8. Signed by Judge Randolph D. Moss on 1/11/2024. (lcrdm3) (Entered: 01/11/2024) |
| 01/12/2024 | 145 | Memorandum in opposition to re 135 Motion for TRO,,, Motion for Preliminary Injunction,, *Collier Entrepries's Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* filed by TARPON BLUE SILVER KING I, LLC. (Sibley, George) (Entered: 01/12/2024) |
| 01/12/2024 | 146 | Unopposed MOTION for Leave to File *Brief of Amici Curiae* by Cameratta Companies, LLC, CAM7−SUB, LLC. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support of Defendants, # 3 Declaration Joseph Cameratta, # 4 Declaration Shane Johnson)(Petersen, Rafe) (Entered: 01/12/2024) |
| 01/12/2024 | 147 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CAM7−SUB, LLC, Cameratta Companies, LLC (Petersen, Rafe) (Entered: 01/12/2024) |
| 01/12/2024 | 148 | Memorandum in opposition to re 135 Motion for TRO,,, Motion for Preliminary Injunction,, filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA−CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Attachments: # 1 Exhibit A (Declaration of R. Carey), # 2 Exhibit B (FWS−FWC−FDEP Memorandum of Understanding), # 3 Exhibit C (Programmatic Biological Opinion))(Finnegan, Alison) (Entered: 01/12/2024) |
| 01/12/2024 | 149 | Memorandum in opposition to re 135 Motion for TRO,,, Motion for Preliminary Injunction,, filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Exhibit Ex. A − Declaration of J. Wolfe, # 2 Exhibit Ex. B − Declaration of M. Duncan, # 3 Exhibit Comparison of Species Review Process)(Wood, Jeffrey) (Entered: 01/12/2024) |
| 01/22/2024 | | MINUTE ORDER: The Clerk's Office entered a notice regarding attorney George P. Sibley, III's attorney renewal/government certification on December 26, 2023. *See* Notice (Dec. 26, 2023). The notice informed attorney Sibley that his attorney renewal/government certification had not been received. *Id.*. It stated: "As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status." *Id.*. The Court has been informed that attorney Sibley has not corrected that error, despite filing an opposition, Dkt. 145, on January 12, 2024. Accordingly, it is hereby ORDERED that attorney Sibley show cause on or before January 26, 2024 why he should be allowed to practice before this Court. *See* LCvR 83.9(c) ("An attorney who fails to file the required certifications and pay the renewal fee shall be provisionally removed from the list of members in good standing and pursuant to LCrR44.1(a) shall not be permitted to practice before this Court until restored as a member in good standing."). Signed by Judge Randolph D. Moss on 1/22/2024. (lcrdm3) (Entered: |

| | | 01/22/2024) |
|---|---|---|
| 01/22/2024 | | MINUTE ORDER: Upon consideration of Camerata Companies' and CAM7–SUB's motion to file a brief of amici curiae, Dkt. 146 , in opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. 135 , it is hereby ORDERED that the motion is GRANTED in PART and DENIED in PART. It is further ORDERED that (1) Camerata's brief, Dkt. 146–2, is deemed FILED but that (2) leave to file the supplemental declarations attached thereto, Dkt. 146–3; Dkt. 146–4, is DENIED. *See United States v. Microsoft Corp.*, No. 98–cv–1232 (CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002) ("[I]t is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus."). An amicus filing should be limited to the factual record before the Court and should not introduce additional facts that do not appear in the administrative record and that no party to the case has presented. Signed by Judge Randolph D. Moss on 1/22/02. (lcrdm3) (Entered: 01/22/2024) |
| 01/23/2024 | | MINUTE ORDER: The Court was misinformed about the status of attorney Sibley's membership. Accordingly, the order to show cause entered on January 22, 2024, *see* Min. Order (Jan. 22, 2024), is hereby VACATED, and counsel should disregard it. Signed by Judge Randolph D. Moss on 1/23/2024. (lcrdm3) (Entered: 01/23/2024) |
| 01/23/2024 | 150 | Unopposed MOTION to Intervene by CAM7–SUB, LLC, CAMERATTA COMPANIES LLC. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support)(Petersen, Rafe) (Entered: 01/23/2024) |
| 01/24/2024 | 151 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Chene M. Thompson, Filing fee $ 100, receipt number ADCDC–10641120. Fee Status: Fee Paid. by CAM7–SUB, LLC, CAMERATTA COMPANIES LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Petersen, Rafe) (Entered: 01/24/2024) |
| 01/24/2024 | | MINUTE ORDER: Upon consideration of Cameratta and CAM7–Sub's unopposed motion to intervene, Dkt. 150 , it is hereby ORDERED that the motion is GRANTED for the limited purposes of opposing Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. 135 . If Cameratta seeks leave to intervene for any other purpose than the above, it may file a supplemental motion. It is further ORDERED that: (1) the two supplemental declarations attached to Cameratta's earlier filed motion, Dkt. 146 ; Dkt. 146–3; Dkt. 146–4, are deemed FILED and (2) Cameratta is granted permission to participate in the argument to the extent the Court has questions about the Kingston project. Signed by Judge Randolph D. Moss on 1/24/2024. (lcrdm3) (Entered: 01/24/2024) |
| 01/24/2024 | | MINUTE ORDER: Upon consideration of Intervenor Cameratta's Motion for Admission Pro Hac Vice, Dkt. 151 , it is hereby ORDERED that the motion is GRANTED. Chene M. Thompson is hereby granted leave to appear pro hac vice in this case. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)/LCrR 44.5(a). Click for Instructions**. Signed by Judge Randolph D. Moss on 1/24/2024. (lcrdm3) (Entered: 01/24/2024) |
| 01/25/2024 | | NOTICE OF ERROR regarding 151 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Chene M. Thompson, Filing fee $ 100, receipt number ADCDC–10641120. Fee Status: Fee Paid.. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (zjm) (Entered: 01/25/2024) |

| 01/26/2024 | 152 | ERRATA *Certificate of Good Standing* by CAM7–SUB, LLC, CAMERATTA COMPANIES LLC re 151 Motion for Leave to Appear Pro Hac Vice,. (Petersen, Rafe) (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 153 | REPLY to opposition to motion re 135 MOTION for Temporary Restraining Order *by December 7, 2023* MOTION for Preliminary Injunction filed by CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB. (Attachments: # 1 Technical Assistance and ESA s. 7 Comparison Chart)(Galloni, Tania) (Entered: 01/26/2024) |
| 01/29/2024 | 154 | NOTICE of Appearance by Chene M. Thompson on behalf of CAM7–SUB, LLC, CAMERATTA COMPANIES LLC (Thompson, Chene) (Entered: 01/29/2024) |
| 01/30/2024 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 1/30/2024 re 135 MOTION for Temporary Restraining Order *by December 7, 2023* MOTION for Preliminary Injunction filed by SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY. Parties to submit Briefs on or before 2/16/24. (Court Reporter Tammi Sefranek) (zglw) (Entered: 01/31/2024) |
| 02/01/2024 | 155 | NOTICE by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS (Coghlan, Andrew) (Entered: 02/01/2024) |
| 02/02/2024 | 156 | TRANSCRIPT OF MOTION HEARING before Judge Randolph D. Moss held on 10/19/23; Page Numbers: 1–158. Date of Issuance:2/2/24. Court Reporter/Transcriber Tamara Sefranek, Telephone number 202–354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/23/2024. Redacted Transcript Deadline set for 3/4/2024. Release of Transcript Restriction set for 5/2/2024.(Sefranek, Tamara) (Entered: 02/02/2024) |
| 02/03/2024 | 157 | MEMORANDUM by CAM7–SUB, LLC, CAMERATTA COMPANIES LLC. (Petersen, Rafe) (Entered: 02/03/2024) |
| 02/04/2024 | 158 | MEMORANDUM by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA |

| | | WILLIAMS. (Finnegan, Alison) (Entered: 02/04/2024) |
|---|---|---|
| 02/04/2024 | 159 | MEMORANDUM by TARPON BLUE SILVER KING I, LLC. (Sibley, George) (Entered: 02/04/2024) |
| 02/04/2024 | 160 | MEMORANDUM by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Declaration Ex. A – Declaration of J. Wolfe)(Wood, Jeffrey) (Entered: 02/04/2024) |
| 02/09/2024 | 161 | MEMORANDUM re 98 MOTION for Summary Judgment filed by FLORIDA WILDLIFE FEDERATION, DEFENDERS OF WILDLIFE, MIAMI WATERKEEPER, CONSERVANCY OF SOUTHWEST FLORIDA, SIERRA CLUB, ST. JOHNS RIVERKEEPER, CENTER FOR BIOLOGICAL DIVERSITY by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 02/09/2024) |
| 02/12/2024 | 162 | Unopposed MOTION for Leave to File *Reply Brief on Remedy (of less than 2 pages)* by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Reply Brief on Remedy)(Wood, Jeffrey) (Entered: 02/12/2024) |
| 02/12/2024 | | MINUTE ORDER: Upon consideration of Intervenors' motion for leave to file reply on remedy, Dkt. 162 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the memorandum at Dkt. 162 –1 is hereby deemed filed. Signed by Judge Randolph D. Moss on 2/12/2024. (lcrdm3) (Entered: 02/12/2024) |
| 02/15/2024 | 163 | MEMORANDUM OPINION: Plaintiffs' motion for summary judgment, Dkt. 98 , is hereby GRANTED with respect to Counts 3, 4, 6 and 10–13 of Plaintiffs' Amended Complaint, Dkt. 77 . The Federal Defendants' cross–motion for summary judgment, Dkt. 99 , and Defendant–Intervenors' cross–motion for summary judgment, Dkt. 101 ; Dkt. 102 , are hereby DENIED as to those same Counts. See document for details. Modified on 2/16/2024 to change 1013 to 10–13 (zglw). (Main Document 163 replaced on 2/16/2024) (zglw). (Entered: 02/15/2024) |
| 02/15/2024 | 164 | ORDER: For the reasons explained in the Court's memorandum opinion, Dkt. 163 , it is hereby ORDERED that Plaintiffs' motion for summary judgment, Dkt. 98 , is GRANTED with respect to Counts 3, 4, 6, and 10–13 of Plaintiffs' amended complaint, Dkt. 77 . The Federal Defendants' cross–motion for summary judgment, Dkt. 99 , and Defendant–Intervenors' cross–motion for summary judgment, Dkt. 101 ; Dkt. 102 , are hereby DENIED as to those same Counts. It is further ORDERED that the programmatic biological opinion and incidental take statement are VACATED. It is also ORDERED that the EPA's approval of Florida's application to assume authority to issue permits under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, is hereby VACATED pending further order of the Court. It is further ORDERED that the Center for Biological Diversity and the Sierra Club's motion for a temporary restraining order and preliminary injunction, Dkt. 135 , is DENIED as moot. See document for details. Signed by Judge Randolph D. Moss on 2/15/2024. (lcrdm3) (Entered: 02/15/2024) |
| 02/26/2024 | 165 | MEMORANDUM by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION |

| | | |
|---|---|---|
| | | AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 02/26/2024) |
| 02/26/2024 | 166 | MOTION to Stay re 163 Order on Motion for Summary Judgment,,,,,,,,, Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, 164 Order,,,, by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Declaration of J. Wolfe (Ex. A), # 2 Table of Pending 404 Permit Applications (Ex. B), # 3 "May Affect" Process (Ex. C), # 4 Proposed Order)(Wood, Jeffrey) (Entered: 02/26/2024) |
| 02/26/2024 | | MINUTE ORDER: Upon consideration of the Federal Defendants' memorandum, Dkt. 165 , and Defendant Intervenor Florida's motion to stay, Dkt. 166 , Plaintiffs are hereby ORDERED to respond on or before March 7, 2024. Signed by Judge Randolph D. Moss on 2/26/2024. (lcrdm3) (Entered: 02/26/2024) |
| 02/26/2024 | 167 | MEMORANDUM re 163 Order on Motion for Summary Judgment,,,,,,,,, Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, by TARPON BLUE SILVER KING I, LLC. (Sibley, George) (Entered: 02/26/2024) |
| 03/02/2024 | 168 | MOTION for Leave to File Amicus Brief re 166 MOTION to Stay re 163 Order on Motion for Summary Judgment,,,,,,,,, Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, 164 Order,,,, by ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS, INCORPORATED (AFCD), FLORIDA CHAMBER OF COMMERCE, LENNAR CORPORATION, G.L. Homes, GreenPointe Holdings, KB Home, Pulte Group, taylor morrison, Florida Transportation Builders Association, Florida State Hispanic Chamber of Commerce, Leading Builders of America, Associated Industries of Florida. (Attachments: # 1 Proposed Amicus Brief)(Wenger, Edward) Modified on 3/4/2024 to correct relief (zjm). (Entered: 03/02/2024) |
| 03/04/2024 | | MINUTE ORDER: Upon consideration of Florida Chamber of Commerce et al.'s motion for leave to file brief of amici curiae, Dkt. 168 , it is hereby ORDERED that the motion is GRANTED. The brief attached to Dkt. 168 as Exhibit 1 is hereby deemed FILED. Signed by Judge Randolph D. Moss on 3/4/2024. (lcrdm3) (Entered: 03/04/2024) |
| 03/07/2024 | 169 | Memorandum in opposition to re 166 Motion to Stay, filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 03/07/2024) |
| 03/08/2024 | | MINUTE ORDER: Upon consideration of Florida's motion to stay, Dkt. 166 , and the related memoranda of the Federal Defendants, Dkt. 165 , and the Plaintiffs, Dkt. 169 , it is hereby ORDERED that the parties appear for a status conference on April 4, 2024, at 2:30 p.m., in Courtroom 8. The parties should be prepared to discuss next steps in the litigation. Signed by Judge Randolph D. Moss on 3/8/2024. (lcrdm3) (Entered: 03/08/2024) |
| 03/11/2024 | 170 | REPLY to opposition to motion re 166 MOTION to Stay re 163 Order on Motion for Summary Judgment,,,,,,,,, Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, 164 Order,,,, filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 03/11/2024) |

| 03/11/2024 | 171 | MOTION for Entry of Final Judgment *with Request for Expedited Consideration* by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Proposed Order)(Wood, Jeffrey) (Entered: 03/11/2024) |
|---|---|---|
| 03/12/2024 | | MINUTE ORDER: Upon consideration of Florida's motion for entry of final judgment, Dkt. 171 , it is hereby ORDERED that Plaintiffs and the Federal Defendants shall file responses on or before March 18, 2024. The limited intervenors, Cameratta and Tarpon Blue Silver King I, may file responses on the same timeline. Signed by Judge Randolph D. Moss on 3/12/2024. (lcrdm3) (Entered: 03/12/2024) |
| 03/13/2024 | 172 | NOTICE of Appearance by Michael Richard Eitel on behalf of JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS (Eitel, Michael) (Entered: 03/13/2024) |
| 03/13/2024 | 173 | MOTION for Extension of Time to File Response/Reply as to 171 MOTION for Entry of Final Judgment *with Request for Expedited Consideration* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Composite Exhibit, # 2 Text of Proposed Order)(Galloni, Tania) (Entered: 03/13/2024) |
| 03/13/2024 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for extension of time, Dkt. 173 , it is hereby ORDERED that Florida shall respond on or before March 14, 2024 at 12:00 p.m. Signed by Judge Randolph D. Moss on 3/13/2024. (lcrdm3) (Entered: 03/13/2024) |
| 03/13/2024 | 174 | Memorandum in opposition to re 173 Motion for Extension of Time to File Response/Reply, filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 03/13/2024) |
| 03/14/2024 | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for an extension of time, Dkt. 173 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Plaintiffs' response to Florida's motion for entry of final judgment, Dkt. 171 , shall be filed on or before March 21, 2024.<br><br>The Court, at Florida's request, shortened the time provided under the Local Rules to file an opposition from fourteen days to seven days. Plaintiffs have requested, not the full fourteen days, but instead a modest extension of three additional days. The Court is unpersuaded by Florida's conclusory argument that "six days to respond...is more than adequate under the urgent situation facing the State of Florida." Dkt. 174 at 4. Florida has offered no specific reason why the three days that Plaintiffs request will prejudice the State. Nor has the State explained how granting Plaintiffs' request for an additional three days to respond would alter the "urgent situation facing the State." Indeed, Florida itself waited over three weeks from the entry of the Court's order to renew its request for entry of final judgment. Dkt. 164 (order entered February 15, 2024); Dkt. 171 (motion for entry of final judgment filed on March 11, 2024). That timing strongly suggests that the situation is not as urgent as Florida suggests. *See* Dkt. 174 . To be sure, the Court previously denied without prejudice Florida's request for partial final judgment under Rule 54(b) as premature and, at that time, invited the |

| | | |
|---|---|---|
| | | State to "renew its request after the parties have reviewed this decision and have decided whether to seek a limited stay of the Court's vacatur of the assumption decision, and, if they seek a limited stay, the Court has decided how to proceed." Dkt. 163 at 97. After the Court issued its opinion, Florida sought a limited stay. Dkt. 166 . The Federal Defendants, however, opposed a limited stay, advising that, from their perspective, such a stay would be "practically and legally unworkable." Dkt. 165 at 3. Given that unique posture, the Court determined that hearing from the parties before proceeding was the proper course of action. Against this backdrop, Plaintiffs modest request for three additional days to respond to Florida's renewed motion for entry of final judgment is entirely appropriate.<br><br>Signed by Judge Randolph D. Moss on 3/14/2024. (lcrdm3) (Entered: 03/14/2024) |
| 03/18/2024 | 175 | RESPONSE re 171 MOTION for Entry of Final Judgment *with Request for Expedited Consideration* filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Eitel, Michael) (Entered: 03/18/2024) |
| 03/18/2024 | 176 | RESPONSE re 171 MOTION for Entry of Final Judgment *with Request for Expedited Consideration* filed by CAM7–SUB, LLC, CAMERATTA COMPANIES LLC. (Petersen, Rafe) (Entered: 03/18/2024) |
| 03/18/2024 | 177 | RESPONSE re 171 MOTION for Entry of Final Judgment *with Request for Expedited Consideration* filed by TARPON BLUE SILVER KING I, LLC. (Sibley, George) (Entered: 03/18/2024) |
| 03/21/2024 | 178 | Memorandum in opposition to re 171 Motion for Entry of Final Judgment filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Attachments: # 1 Exhibit)(Galloni, Tania) (Entered: 03/21/2024) |
| 03/25/2024 | 179 | REPLY to opposition to motion re 171 MOTION for Entry of Final Judgment *with Request for Expedited Consideration* filed by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 03/25/2024) |
| 04/03/2024 | | MINUTE ORDER: On April 4, 2023 at 2:30 p.m. in Courtroom 8 the Court will hold a status conference in this case and hear from the parties on Florida's pending motion for a limited stay, Dkt. 164 , and Florida's pending motion for entry of final judgment, Dkt. 171 . Members of the public who wish to listen to the conference live may dial into a teleconference. The dial–in number may be found at: https://www.dcd.uscourts.gov/public–access–teleconference–information. The Court hereby PROHIBITS those who make use of the dial–in from recording or rebroadcasting the proceedings in any many whatsoever. Signed by Judge Randolph D. Moss on 4/3/2024. (lcrdm3) (Entered: 04/03/2024) |
| 04/04/2024 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 4/4/2024 re 166 MOTION to Stay re 163 Order on Motion for Summary Judgment,,,,,,,,, Order on Motion for TRO,,, Order on Motion for Preliminary Injunction,, 164 Order,,,, by FLORIDA DEPARTMENT OF ENVIRONMENTAL |

| | | |
|---|---|---|
| | | PROTECTION, STATE OF FLORIDA. (Attachments: # 1 Declaration of J. Wolfe (Ex. A), # 2 Table of Pending 404 Permit Applications (Ex. B), # 3 "May Affect" Process (Ex. C), # 4 Proposed Order)(Wood, Jeffrey) AND <u>171</u> MOTION for Entry of Final Judgment *with Request for Expedited Consideration* filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION. MATTER TAKEN UNDER ADVISEMENT. (Court Reporter Sherry Lindsay) (zglw) Modified on 4/5/2024 to change the Motion from 168 to 166.(zglw). (Entered: 04/05/2024) |
| 04/09/2024 | <u>180</u> | ENETRED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. Attorney Lily N. Chinn terminated. (Wood, Jeffrey) Modified on 4/11/2024 (zjm). (Entered: 04/09/2024) |
| 04/10/2024 | <u>181</u> | TRANSCRIPT OF PROCEEDINGS before Judge Randolph D. Moss held on 4/4/2024; Page Numbers: 1–67. Date of Issuance:4/10/2024. Court Reporter/Transcriber Sherry Lindsay, Telephone number 202–354–3053, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/1/2024. Redacted Transcript Deadline set for 5/11/2024. Release of Transcript Restriction set for 7/9/2024.(stl) (Entered: 04/10/2024) |
| 04/11/2024 | | NOTICE OF ERROR regarding <u>180</u> Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (zjm) (Entered: 04/11/2024) |
| 04/12/2024 | <u>182</u> | AMENDED MEMORANDUM OPINION: The attached memorandum opinion has been amended in minor respect, Dkt. <u>163</u> , none of which have any bearing on the Court's conclusions. See document for details. Signed by Judge Randolph D. Moss on 4/12/2024. (lcrdm3) (Entered: 04/12/2024) |
| 04/12/2024 | <u>183</u> | MEMORANDUM OPINION: Defendant–Intervenor Florida's motion for a limited stay, Dkt. <u>166</u> , is DENIED. Defendant–Intervenor Florida's motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d), or, in the alternative, for entry of partial, final judgment pursuant to Rule 54(b), Dkt. <u>171</u> , is DENIED as to entry of final judgment pursuant to Rule 58(d) and is hereby GRANTED as to entry of partial, final judgment pursuant to Rule 54(b). Counts 1, 2, and 5 are DISMISSED on grounds of prudential mootness, and partial final judgment will be entered as to Counts 1–6 and 8–13. See document for details. Signed by Judge Randolph D. Moss on 4/12/2024. (lcrdm3) (Entered: 04/12/2024) |

| 04/12/2024 | 184 | ORDER: For the reasons explained in the Court's memorandum opinion, Dkt. 183 , it is ORDERED that Florida's motion for a limited stay, Dkt. 166 , is hereby DENIED. It is further ORDERED that Counts 1, 2, and 5 of Plaintiffs' Amended Complaint, Dkt. 77 , are hereby DISMISSED without prejudice. It is further ORDERED that Florida's motion for entry of final judgment, Dkt. 171 , is hereby GRANTED with respect to entry of partial, final judgment under Federal Rule of Civil Procedure 54(b) and is DENIED with respect to entry of final judgment under Rule 58(d). Pursuant to Rule 54(b), the Clerk is directed to enter partial, final judgment as to Counts 1–6 and 8–13 of Plaintiffs' Amended Complaint, Dkt. 77 . See document for details. Signed by Judge Randolph D. Moss on 4/12/2024. Signed by Judge Randolph D. Moss on 4/12/2024. (lcrdm3) (Entered: 04/12/2024) |
| 04/15/2024 | 185 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 184 Order on Motion to Stay,,,, Order on Motion for Entry of Final Judgment,,, by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. Filing fee $ 605, receipt number ADCDC–10829672. Fee Status: Fee Paid. Parties have been notified. (Wood, Jeffrey) (Entered: 04/15/2024) |
| 04/16/2024 | 186 | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 185 Notice of Appeal to DC Circuit Court. (zjm) (Entered: 04/16/2024) |
| 04/16/2024 | 187 | MOTION to Stay *of Vacatur Order Pending Appeal* by FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. (Wood, Jeffrey) (Entered: 04/16/2024) |
| 04/17/2024 | | MINUTE ORDER: Upon consideration of Florida's motion for a stay pending appeal, Dkt. 187 , it is hereby ORDERED that any party wishing to be heard on that motion shall file a response on or before April 22, 2024 at 3:00 p.m. Signed by Judge Randolph D. Moss on 4/17/2024. (lcrdm3) (Entered: 04/17/2024) |
| 04/18/2024 | 188 | RESPONSE re 187 MOTION to Stay *of Vacatur Order Pending Appeal* filed by JOHN BLEVINS, JAMES BOOTH, RADHIKA FOX, LEOPOLDO MIRANDA–CASTRO, JEFFREY PRIETO, MICHAEL S. REGAN, SCOTT SPELLMON, LAWRENCE STARFIELD, UNITED STATES ARMY CORPS OF ENGINEERS, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS. (Coghlan, Andrew) (Entered: 04/18/2024) |
| 04/22/2024 | 189 | Memorandum in opposition to re 187 Motion to Stay *Pending Appeal* filed by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 04/22/2024) |
| 04/23/2024 | | USCA Case Number 24–5101 for 185 Notice of Appeal to DC Circuit Court, filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION. (znmw) (Entered: 04/23/2024) |
| 04/23/2024 | 190 | MEMORANDUM OPINION AND ORDER: Upon consideration of Florida's motion for a stay pending appeal, Dkt. 187 , it is hereby ORDERED that the motion is DENIED. See document for details. Signed by Judge Randolph D. Moss on 04/23/2024. (lcrdm3) (Entered: 04/23/2024) |
| 04/25/2024 | 191 | |

| | | STIPULATION *and Proposed Order* by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. (Galloni, Tania) (Entered: 04/25/2024) |
|---|---|---|
| 04/26/2024 | | MINUTE ORDER: Upon consideration of Plaintiffs and the Federal Defendants' stipulation and proposed order for an extension of time, Dkt. 191 , it is hereby ORDERED that Plaintiffs shall file a bill of costs and any motion for attorneys' fees, costs, and expenses arising from the Court's partial final judgment, whether under the Equal Access to Justice Act ("EAJA") or the Endangered Species Act, coextensive with the fee application deadlines set forth in the EAJA; that is, on or before 30 days of the issuance of a final, non–appealable judgment in this case. Signed by Judge Randolph D. Moss on 4/26/2024. (lcrdm3) (Entered: 04/26/2024) |
| 04/29/2024 | 192 | NOTICE OF WITHDRAWAL OF APPEARANCE as to FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF FLORIDA. Attorney Lily N. Chinn terminated. (Chinn, Lily) (Entered: 04/29/2024) |
| 06/10/2024 | 193 | NOTICE OF CROSS APPEAL as to 183 Memorandum & Opinion,, 184 Order on Motion to Stay,,,, Order on Motion for Entry of Final Judgment,,, by CENTER FOR BIOLOGICAL DIVERSITY, CONSERVANCY OF SOUTHWEST FLORIDA, DEFENDERS OF WILDLIFE, FLORIDA WILDLIFE FEDERATION, MIAMI WATERKEEPER, SIERRA CLUB, ST. JOHNS RIVERKEEPER. Filing fee $ 605, receipt number ADCDC–10953239. Fee Status: Fee Paid. Parties have been notified. (Reichert, Christina) (Entered: 06/10/2024) |
| 06/11/2024 | 194 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 193 Notice of Cross Appeal,. (zjm) (Entered: 06/11/2024) |
| 06/11/2024 | 195 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 184 Order on Motion to Stay,,,, Order on Motion for Entry of Final Judgment,,, by MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, UNITED STATES FISH AND WILDLIFE SERVICE, MARTHA WILLIAMS, UNITED STATES ARMY CORPS OF ENGINEERS, JEFFREY PRIETO, RADHIKA FOX, LAWRENCE STARFIELD, JAMES BOOTH, LEOPOLDO MIRANDA–CASTRO, JOHN BLEVINS, SCOTT SPELLMON. Fee Status: No Fee Paid. Parties have been notified. (Coghlan, Andrew) (Entered: 06/11/2024) |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-0119 (RDM) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

**FEDERAL DEFENDANTS' NOTICE OF APPEAL**

Pursuant to Rules 3and 4(a) of the Federal Rules of Appellate Procedure, notice is hereby given that all Federal Defendants in the above-captioned matter appeal to the United States Court of Appeals for the District of Columbia Circuit the judgment entered in this action on April 12, 2024 (Dkt. 184), and related orders.

Dated: June 11, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ *Andrew S. Coghlan*
Andrew S. Coghlan (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-9275
Fax: (202) 514-8865
Email: Andrew.Coghlan@usdoj.gov

Michael R. Eitel (NE Bar 22889)
United States Department of Justice

1

Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 302
Denver, Colorado 80202
Tel: 303-844-1479
Email: Michael.Eitel@usdoj.gov

*Attorneys for Defendants*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br>                    *Plaintiffs*,<br><br>             v.<br><br>MICHAEL S. REGAN, *et al.*,<br><br>                    *Defendants*. | Civil Action No. 21-119 (RDM) |

## <u>ORDER</u>

For the reasons explained in the Court's memorandum opinion, Dkt. 183, it is

**ORDERED** that Florida's motion for a limited stay, Dkt. 166, is hereby **DENIED**.

It is further **ORDERED** that Counts 1, 2, and 5 of Plaintiffs' Amended Complaint, Dkt.

77, are hereby **DISMISSED** without prejudice.

It is further **ORDERED** that Florida's motion for entry of final judgment, Dkt. 171, is

hereby **GRANTED** with respect to entry of partial judgment under Federal Rule of Civil

Procedure 54(b) and is hereby **DENIED** with respect to entry of final judgment under Rule

58(d).

The Court hereby directs the entry of final judgment pursuant to Rule 54(b) as to Counts

1–6 and 8–13 of Plaintiffs' Amended Complaint, Dkt. 77.

    **SO ORDERED**.

                                        /s/ Randolph D. Moss
                                        RANDOLPH D. MOSS
                                        United States District Judge


Date:  April 12, 2024

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br>   *Plaintiffs*, <br><br> v. <br><br> MICHAEL S. REGAN, *et al.*, <br><br>   *Defendants.* | Civil Action No. 21-119 (RDM) |

## <u>MEMORANDUM OPINION</u>

Two motions are currently before the Court: (1) the State of Florida's motion, Dkt. 166, for a limited stay of the Court's February 15, 2024 order, Dkt. 164, which both Plaintiffs and the Federal Defendants oppose, Dkt. 165; Dkt. 169, and (2) Florida's expedited motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d), or, in the alternative, entry of partial, final judgment pursuant to Rule 54(b), Dkt. 171, which Plaintiffs oppose, Dkt. 178, and which the Federal Defendants support in part and "take no position on" in part, Dkt. 175 at 1.

For the reasons that follow, the Court will deny Florida's motion for a limited stay, Dkt. 166. With respect to Florida's second motion, however, the Court will dismiss as prudentially moot Counts 1, 2 and 5 of the Amended Complaint, Dkt. 77; will deny Florida's motion for entry of final judgment pursuant to Rule 58(d); and will grant Florida's motion for entry of partial, final judgment as to Counts 1–6 and 8–13 of the Amended Complaint pursuant to Rule 54(b).

## I.  PROCEDURAL BACKGROUND

The Court's analysis of the substantive issues presented by this case has filled many pages. For present purposes, however, the Court need only briefly summarize some of the

central holdings in those decisions.  Two years ago, the Court granted partial summary judgment

in favor of the Federal Defendants and granted Florida's motion to dismiss with respect to Count

9 of the original complaint, which alleged that the Environmental Protection Agency's ("EPA")

failure to codify Florida's Section 404 program was arbitrary and capricious and not in

accordance with law.  *See Ctr. for Biological Diversity v. Regan*, 597 F. Supp. 3d 173, 213

(D.D.C. 2022) ("*CBD I*").  Then, about a year later, the Court granted the Federal Defendants'

renewed motion for partial summary judgment and Florida's renewed motion to dismiss with

respect to Count 8 of the original complaint, which alleged that the EPA had unlawfully treated

its approval of Florida's Section 404 assumption application as an adjudication, rather than a

rulemaking, to avoid the 30-day notice requirement found in 5 U.S.C. § 706(2).  *See Ctr. for

Biological Diversity v. Regan*, ___ F. Supp. 3d ___, 2023 WL 5437496, at *9–*10 (D.D.C. Aug.

23, 2023) ("*CBD II*").  Although the Court had previously held, in considering the challenge to

Count 9, that the approval of Florida's assumption application was a rulemaking, *see CBD I*, 597

F. Supp. 3d at 212, the Court concluded that Plaintiffs' corresponding injury was non-redressable

and that, as a result, Plaintiffs lacked Article III standing to pursue Count 8.  *See CBD II*, 2023

WL 5437496, at *4–9.  And, most recently, on February 15, 2024, the Court granted summary

judgment in Plaintiffs' favor on Counts 3, 4, 6 and 10–13 of the Amended Complaint.  *See Ctr.

for Biological Diversity v. Regan*, ___ F. Supp. 3d ___, 2024 WL 655368, at *4 (D.D.C. Feb. 15,

2024) ("*CBD III*").

While *CBD I* and *II* addressed Plaintiffs' procedural challenges brought under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, *CBD III* focused exclusively on a

subset of Plaintiffs' substantive challenges under the APA to certain actions taken by the Fish

and Wildlife Service ("FWS") pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §

2

1531 *et seq.*, and the EPA's reliance on those actions in its approval of Florida's Section 404 assumption application.  Without repeating the extensive analysis contained in that opinion, it suffices for present purposes to note that, at Florida's request, the EPA "exercised [its] discretion to cast Florida's assumption program in a manner designed to confer ESA liability protection on future, state-permittees by inviting Section 7 consultation," which, in turn, required a determination that the proposed program "would likely adversely affect" listed species, *CBD III*, 2024 WL 655368, at *28—but, having triggered the formal Section 7 process, the FWS failed to prepare a Biological Opinion ("BiOp") containing the required species-specific analysis, *id.* at *26–32, and failed to issue an Incidental Take Statement ("ITS") that included, among other things, numerical take limits for listed species or surrogates for such limits, *id.* at *32–36.  The Court, accordingly, set aside the BiOp and ITS, and, having done so, also set aside the EPA's approval of Florida's Section 404 assumption application on the ground that the "the EPA impermissibly relied on a facially flawed BiOp" (and ITS) in taking that action, and thus also violated the APA.  *Id.* at *38; *see id.* at *37–39, *41–42.  Finally, after considering the factors set forth in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146 (D.C. Cir. 1993), the Court concluded that vacatur was required.  *See CBD III*, 2024 WL 655368, at *41–45 (citing 5 U.S.C. § 706).[1]

The Court, however, left open the possibility of staying its vacatur order in part, in light of the fact that not all permits issued pursuant to Section 404 of the Clean Water Act ("CWA") implicate the ESA.  *Id.* at *44.  At the same time, the Court recognized that the parties had not

---

[1] The Court also denied as premature Florida's request for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) but invited the State to "renew its request after the parties have reviewed this decision and have decided whether to seek a limited stay of the Court's vacatur of the assumption decision, and, if they seek a limited stay, the Court has decided how to proceed."  *Id.* at *45.

3

briefed the desirability or workability (or, as the parties now stress, the legality) of crafting a program that would permit Florida to continue to process some, but not all, Section 404 permit applications. *Id.* The Court was also cognizant that crafting such a program, even if possible and desirable, would require the exercise of administrative discretion and that courts must take care not to "substitute [their] judgment for that of the agency." *Id.* (quoting *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 555 (1978)). Finally, the Court acknowledged that, if it were inclined to grant a limited stay, it might need to go on to consider Plaintiffs' remaining claims, which challenge the Section 404 assumption decision in other respects. *Id.*

To provide the parties with an opportunity to consider—and, if necessary, to brief—these issues, the Court gave Defendants ten days to seek a limited stay but made clear that, unless and until a stay was granted, Florida lacked authority to issue Section 404 permits and that "all [relevant] Section 404 permitting authority . . . is vested in the Army Corps of Engineers." Dkt. 164 at 1. On February 26, 2024, the Federal Defendants informed the Court that, in their view, a limited stay was neither workable nor lawful. Dkt. 165 at 1–2. Florida disagreed and moved for a limited stay of at least six months. Dkt. 166 at 13, 19. Plaintiffs opposed Florida's motion for a limited stay, Dkt. 169, and, finally, Florida filed a reply brief in support of its motion, Dkt. 170. Given the significant concerns about the workability (and legality) of the requested stay raised by the parties—and, in particular, given the opposition of the federal agencies that would be responsible for implementing such a program—the Court directed the parties to appear for a hearing on the motion. *See* Min. Order (Mar. 8, 2024).

Before that hearing could take place, Florida filed a second motion—this time seeking immediate entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d) or, in the

alternative, entry of partial, final judgment pursuant to Rule 54(b).  Dkt. 171.  And, failing either, Florida "reserved the right" to ask the Court to certify the questions decided in the February 15, 2024 opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *Id.* at 4 n.3.  Plaintiffs opposed both requests, Dkt. 178, and the Federal Defendants took a middle path, agreeing with Florida that the Court should enter final judgment pursuant to Rule 58(d) while taking "no position on Florida's [other] . . . requests," Dkt. 175 at 1.  Briefing closed on March 25, 2024, when Florida filed a reply brief in support of its motion, Dkt. 179, and the Court held a hearing on April 4, 2024, *see* Min. Entry (Apr. 4, 2024).

Both of Florida's motions are now ripe for decision.

## II.  ANALYSIS

### A.    Florida's Motion for a Limited Stay

All agree that district courts, in general, have authority to stay vacatur orders, whether as an exercise of the court's inherent authority or based on the *Allied-Signal* factors.  *See* Dkt. 166 at 3; Dkt. 169 at 6.  The parties disagree, however, about whether it would be wise (or lawful) for the Court to do so under the present circumstances.  In Florida's view, a limited stay is needed to avoid undue disruption, confusion, and delay in Section 404 permitting within the State.  Dkt. 166 at 3–7.  Plaintiffs and the Federal Defendants take the opposite view.  They contend that a limited stay would be unworkable, would result in increased confusion and would, if anything, increase delays in the Section 404 permitting process.  *See* Dkt. 165 at 2; Dkt. 169 at 6–7.  The Federal Defendants, moreover, point to a regulation that precludes the EPA from approving "[p]artial State programs . . . under section 404," Dkt. 165 at 3 (alteration in original) (quoting 40 C.F.R. § 233.1(b)), and they argue that a limited stay would, in effect, create the type of "partial State program" that the regulation precludes.

5

The Court is persuaded that a limited stay is neither workable nor desirable.  The Court

begins, once again, with the core tenet of administrative law that a court should not "substitute its

judgment for that of the agency."  *Vt. Yankee Nuclear Power Corp.*, 435 U.S. at 555 (quoting

*Kleppe v. Sierra Club*, 427 U.S. 390, 410 n.21 (1976)).  That principle applies here because a

limited stay would require more than simply holding the Court's order in partial abeyance; it

would require that various federal agencies, including the EPA, the FWS, and the U.S. Army

Corps of Engineers ("Corps"), work with the State of Florida to design mechanisms and

procedures that would permit the State to continue processing Section 404 applications that do

not implicate the ESA, while requiring the Corps to process those that do implicate the ESA.  It

is not the Court's role to develop such a program over the objection of the federal agencies, nor

would such a judicially mandated approach come dressed for success.

Significantly, the Federal Defendants stress just how real these concerns are.  They

observe:

> As a practical matter, it is unclear how, or even if, Florida and the Corps could
> divide permitting responsibilities for projects in state-assumed waters depending
> on whether those projects "may affect" listed species.  Under such an
> arrangement, would applicants apply to Florida or the Corps in the first instance?
> Who would then determine impacts on ESA-listed species?  And what would
> happen if Florida and the Corps disagreed on that determination?  The time
> needed to answer these, and many other difficult questions could exceed the
> uncertain duration of a limited stay and would consume considerable agency
> resources that might otherwise go toward processing permits in the meantime.

Dkt. 165 at 2.  Nor do they stop there.  The Federal Defendants further observe that a limited stay

would result in needless "redundancy"—for instance, if review of a proposed permit commences

at the state level, only to then be transferred to the Corps later if it is determined that the

proposed project "may affect" listed species.  *Id.*  Florida, for its part, agrees that a limited stay

would raise a host of questions, including: how to define "a 'may affect' situation for these

6

purposes;" what "mechanism should be used to identify a 'may affect' situation;" "[w]hat options [would be] available to 'may affect' permit applicants;" and "[h]ow should a limited stay address permit applications that otherwise already trigger Section 7 procedures and/or will obtain Section 10 permit coverage." Dkt. 166 at 8. Although Florida proposes answers to some of these questions (and asks the Court to answer others), the Court will not step into the shoes of the federal agencies and design a new or modified Section 404 assumption program, which those agencies submit is neither workable nor lawful.

Recognizing these hurdles, Florida suggests a "second proposed option," which it submits is similar to the Section 404 programs currently in place in Michigan and New Jersey. Dkt. 170 at 9. Under that approach, Florida "would continue to implement both the existing technical assistance process . . . as supplemented by the same basic 'Procedures' set forth in Section III of the New Jersey-EPA-FWS MOA." Dkt. 166 at 14. There are several problems, however, with this alternative. First, and foremost, it is not the program that the EPA approved in response to Florida's Section 404 assumption application. Notably, unlike the program that the EPA approved, this approach would provide no incidental take liability protection to Florida permittees. *Id.* at 15. That is a critical difference because incidental take protection is vastly more important in Florida than it is in Michigan and New Jersey; as Florida itself stressed at an earlier stage of the proceedings, New Jersey "has only 17 listed species and less than 1,400 square miles of water area," while "Florida has *over 130 listed species* and *over 12,000 square miles* of water area." Dkt. 127-1 at 5 (emphasis in original). Indeed, during the administrative process preceding the EPA's decision on Florida's Section 404 assumption application, the State represented that operating a state program without Section 7 incidental take protection at the program level would be "*more burdensome* than the existing federal program," due to the

7

prevalence of listed species in Florida.  *See* Dkt. 112-2 at 4 (emphasis added).  The EPA

similarly explained that in States, like Florida, with "an abundance of ESA listed species," the

absence of program-level incidental take protection would "present a significant obstacle to

assuming the 404 program."  Dkt. 112-3 at 368.  It follows that a stay that would allow Florida to

process Section 404 permit applications without incidental take protection would likely hinder—

rather than grease—the wheels of progress, since few developers would "risk civil and criminal

penalties."  *Me. Lobstermen's Assoc. v. NMFS*, 70 F.4th 582, 593 (D.C. Cir. 2023).

In response, Florida insists that the "vast majority of the projects in Florida don't

implicate incidental take."  Dkt. 181 at 11 (Apr. 4, 2024 Hrg. Tr.).  It estimates that on average

only about 15% of Florida Section 404 permit applications would likely trigger a "may affect"

finding.  Dkt. 166 at 11; Dkt. 166-1 at 4 (Wolfe Decl. ¶ 13).  The United States disagrees with

this estimate and would, instead, place the figure as high as 85%.  Dkt. 181 at 35–36 (Apr. 4,

2024 Hrg. Tr.).  That disagreement itself raises red flags about the workability of the proposed

stay, which would require considerable federal-state cooperation and agreement on key aspects

of the modified program.  But, even setting aside that concern, neither of Florida's proposed

approaches makes sense.

To take just one significant example, under its first proposed approach, Florida argues

that the need for incidental take protection—which it deemed an essential component of its

assumption application—can be addressed by providing "may affect" permit applicants with

several options, including the option to hold an application in abeyance with the State, to amend

an application to ensure that the proposed project would have "no effect" on listed species, to

withdraw an application, or to request that the State "transfer the permit application file to the

Corps of Engineers for processing."  Dkt. 166 at 11–12.  It goes without saying, however, that

the first three options are unlikely to result in greater ease of administration, efficiency, or

expedition than simply allowing the Corps to process all Florida Section 404 permits—with the

concomitant benefit, where appropriate, of incidental take protection.  The fourth option,

moreover, runs head-on into Florida's contention that Plaintiffs have somehow misled the Court

about how the New Jersey program works.  Dkt. 170 at 1–3.

      For present purposes, the Court need not address Florida's accusation in any detail, other

than to note that the Court was not, in fact, misled.[2]  What does matter for present purposes is

that Florida maintains (and the Federal Defendants agree) that under Section 404 of the CWA

and the relevant implementing regulations, the EPA may transfer a permit application from a

State to the Corps only if "the proposed permit is (1) the subject of an interstate dispute under

§ 233.31(a) and/or (2) outside requirements of the Act, these regulations, or the 404(b)(1)

Guidelines[,]" 40 C.F.R. § 233.50(e), and the State is provided an opportunity to amend the

---

[2] Without going too far down this tangent, the Court notes that it had before it the New Jersey Memorandum of Agreement, which it reviewed and relied upon in its opinion.  The Court also notes that Florida did not take issue with Plaintiffs' (admittedly abbreviated) description of the New Jersey program until after the Court issued its February 15, 2024 decision.  And, although Florida spends pages chastising Plaintiffs for mischaracterizing the New Jersey program as allowing for the "federalization" of Section 404 permit applications, *see* Dkt. 170 at 1–6; Dkt. 171 at 2 n.2; Dkt. 179 at 10–11, the Court notes that it was the EPA—and not Plaintiffs—that first referred to "federalizing" Section 404 permit applications and that first treated the "federalizing" of permit applications as one of "[t]he limited options" that was available "for states seeking to assume the 404 program."  *See* Dkt. 112-3 at 368.  To the extent any blame can be assigned regarding this issue—and, to be clear, in the Court's view, no blame is due—it lies in the failure of all of the parties to add to the many hundreds of pages of briefing (and thousands of pages of administrative documents) before the Court by providing additional detail about a decades-old program not directly at issue in this litigation and in the failure of the Court to describe that program more precisely in its opinion.

To put this issue firmly to rest, however, and to avoid any continuing confusion regarding the New Jersey program, the Court has amended its February 15, 2024 opinion, in minor respects, to add the further detail omitted in the parties' filings and the Court's original opinion.  *See* Dkt. 182.  None of these changes have any bearing on the Court's conclusions.

9

permit to address those objections, 33 U.S.C. § 1344(j).  *See* Dkt. 165 at 2–3 (Federal

Defendants); Dkt. 170 at 3, 6 (Florida).  Whether that view is correct, how those principles apply

in practice, and whether adoption of such a program would result in an impermissible "[p]artial

State program[]," 40 C.F.R. § 233.1(b), are questions beyond the scope of this opinion.[3]  For

present purposes it suffices to note that Florida's proposal that permittees simply "[r]equest that

[the State] transfer the permit application file to the Corps of Engineers for processing," Dkt. 166

at 12, is of dubious legality and, in any event, is unworkable given the opposition of the Federal

Defendants.  To the extent that Florida asks the Court to utilize its broad, equitable authority to

craft a limited stay that differs from the type of Section 404 program that the EPA would have

the authority to approve, the Court is unpersuaded that such a novel approach is warranted on the

facts of this case, particularly given the serious concerns raised by the federal agencies that

would need to implement that approach.

　　　　For all of these reasons, the Court concludes that a limited stay—in any form—would not

alleviate disruption, ameliorate confusion (to the extent any exists), or avoid delays in the

processing of Section 404 permit applications.  If anything, a limited stay would have just the

opposite effect.  Moreover, and of equal importance, the Court notes that the Corps stands ready

and able to process the outstanding permit applications and that, to date, any delay in processing

those applications is a result of Florida's effort to keep some semblance of the Section 404

assumption in place—even if only temporarily.  In these respects, the representations made by

counsel for the Federal Defendants at the most recent hearing bear repeating at length:

---

[3] *Cf.* Dkt. 112-5 at 154–56 (New Jersey MOA stating that the EPA "*will* object" to any
individual permit that the FWS determines is "likely to adversely affect federally-listed species"
and if New Jersey "neither satisfies the EPA's objections or requirements for a permit
condition . . . nor denies the permit, the permit application *will* be transferred to the Corps for
processing" (emphases added)).

[A]s of February 15, there were about 1,000 permit applications pending before the State of Florida.  The Corps has identified and allocated resources to process those permits.  And it starts with the Jacksonville District of the Corps, which is the office that has hand[l]ed Section 404 permitting in Florida since forever, pre-assumption . . . .  [T]here are more people in the Jacksonville district today to process [S]ection 404 permits than there were before state assumption.  And it is not just a couple more, it is a couple dozen more.  In addition to the Jacksonville district, there are four other districts within the South Atlantic division.  And the Corps has identified people in the other districts and the South Atlantic division as well as [at] Corps headquarters who can help with the anticipated surge of permits given the number of permits that were pending before Florida.

And I say the anticipated surge, Your Honor, because Florida has not transferred permits to the Corps yet.  The Corps is prepared to process those permits.  But if those permits exist in a state of regulatory limbo today, I want the Court to understand it is not because the Corps has not taken steps to comply with the Court's Order of February 15th.  The Corps is ready to process permits.

Now, notwithstanding the fact that we haven't gotten permits from Florida yet.  We have had meetings at the Corps with quite a few project proponents, including project proponents who have permits that were pending before Florida as of February 15th.  And a number of those entities have congressionally approved agreements with the Corps to seek expedited Corps review of Section 404 permit applications for priority projects.

. . . .  For those folks who don't have one of the congressionally approved expedited review agreements, I want to emphasize that a project will not go to the back of the line just because the applicant had previously applied to Florida.  The idea here is that the Corps will, as much as possible, pick up where Florida left off, to the extent that the information submitted to Florida satisfies the Corps' requirements.  And I think the Corps' hope here is that a project that got pretty close to the end of the line in Florida, because of the work that went into preparing the documents for Florida, will get through the Corps' process faster.  That is the hope.  But I just want to emphasize again . . . the Corps' intention here is not to make people start from square one, it is to do this as efficiently as possible.

. . . .  [T]he state of play is [that] the Corps [is] processing permits.  It has done that for decades.  It is familiar to the regulated community.  I think the efforts the Corps has made really cut against granting the limited stay of the vacatur.

Dkt. 181 at 28–31 (Apr. 4, 2024 Hrg. Tr.); *contra id.* at 5 (Florida asserting that "permit

applicants are faced with the dilemma currently of being required to go back to square one [and]

11

have their permits restarted" by the Corps).  In short, the Corps is "open for business today," *id.* at 31; it has unquestionable legal authority to act; it has substantial experience processing Section 404 permit applications; it can, if appropriate, trigger the Section 7 consultative process; and, where appropriate, that process will lead to issuance by the FWS of incidental take statements and any corresponding liability protection.

The Court will, accordingly, deny Florida's motion for a limited stay.

**B.    Florida's Motion for Entry of Final Judgment**

Florida also moves for entry of final judgment pursuant to Federal Rule of Civil Procedure 58(d) or for entry of partial, final judgment pursuant to Rule 54(b).  For the reasons explained below, the Court will dismiss Counts 1, 2, and 5 as moot, but because Count 7 remains, the Court will deny Florida's request for entry of final judgment pursuant to Rule 58(d). The Court will, however, enter partial, final judgment as to Counts 1–6 and 8–13 of the Amended Complaint pursuant to Rule 54(b).

**1.**

Florida first argues (with the concurrence of the Federal Defendants) that the Court should enter final judgment pursuant to Rule 58(d) because, in its view, Plaintiffs have received all the relief that they sought and, as a result, their remaining claims are moot. Dkt. 171 at 8–11 (Florida); Dkt. 175 at 1 (Federal Defendants).[4]  Rule 58(d) provides that a "party may request that judgment be set out in a separate document as required by Rule 58(a)."  As used in the Federal Rules of Civil Procedure, the term "judgment" means "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and, in the usual course, an appeal must await the entry of a "final

---

[4] The Federal Defendants argue that Plaintiffs' remaining claims are moot but take no position on Florida's request for partial final judgment under Rule 54(b).  *See* Dkt. 181 at 36 (Apr. 4, 2024 Hrg. Tr.); Dkt. 175 at 1.

decision," 28 U.S.C. § 1291.  A "final decision," under 28 U.S.C. § 1291, "ordinarily must resolve every claim of every party in a case."  *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020).

Because the Court has yet to resolve every claim involving every party in the case, the Court cannot enter final judgment on the present record.  Recognizing as much, Florida asks the Court to dismiss the remaining claims as moot and, after having done so, to enter final judgment pursuant to Rule 58(d).  Dkt. 171 at 9–10.  According to Florida, the remaining claims are moot because nothing remains for the Court to adjudicate in this case; it argues that because the Court has set aside the BiOp, the ITS, and the Section 404 assumption determination, Plaintiffs have obtained all the relief that they sought and thus, even were they to prevail on the remaining claims, there is no additional relief that the Court could grant.  As a fallback position, Florida argues that "[r]egardless of whether [Plaintiffs'] remaining claims are formally 'moot' or not . . . this Court, at least, has *discretion* to enter final judgment at this point."  Dkt. 179 at 3 (emphasis in original).  Under either formulation of the argument, Florida bears the burden of convincing the Court to dismiss the claims.  *See Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 569–70 (1984).

As the D.C. Circuit has recognized, the doctrine of mootness has "two distinct branches." *Chamber of Com. v. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980).  The first branch is "grounded in the jurisdictional limitations dictated by the Constitution:  Under Article III, a federal court is without power to act unless it is presented with a live 'case or controversy.'" *City of New York v. Baker*, 878 F.2d 507, 509 (D.C. Cir. 1989) (first citing *Chamber of Com.*, 628 F.2d at 291; and then citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).  The second branch is often termed "prudential mootness."  *Id.*  It "does not concern [the] [C]ourt's power to

13

grant relief, but rather its exercise of discretion in the use of that power." *Id.* "Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury," *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991), the court has discretion to "stay its hand, and to withhold relief it has the power to grant," *Chamber of Com.*, 627 F.2d at 291. "The cousin of the mootness doctrine, in its strict Article III sense," prudential mootness is "a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration." *Id.* (citing 13C A. Miller Wright & E. Cooper, Federal Practice and Procedure § 3533 (1975)). As a leading treatise explains:

> Despite the clear separation in received theory between mootness principles mandated by Article III and principles merely of remedy or judicial administration, most decisions do not undertake any explanation of the sources drawn upon. At times, to be sure, a court may take pains to explain that it need not choose between Article III and prudential concerns in finding a case moot. It is more common, however, to focus instead on the ability to provide any presently meaningful remedy, in light of the court's ability to surmise continuing effects or to forecast possible future effects. Probably this focus reflects a disposition to exercise remedial discretion in favor of the litigant who has once had a living claim for relief, or to withhold possible remedies that seem too drastic in relation to current circumstances.

13B Edward H. Cooper, Federal Practice and Procedure § 3533.1 (3d ed. 2023). For the reasons explained below, the Court concludes that Counts 1, 2, and 5 of the Amended Complaint are, at the very least, prudentially moot. The Court is unpersuaded, however, that Count 7 is either jurisdictionally or prudentially moot.

The Court's analysis of jurisdictional mootness begins with the Seventh Circuit's decision in *Air Line Pilots Association, Int'l v. UAL Corp.*, 897 F.2d 1394 (7th Cir. 1990). In that case, the Seventh Circuit held that a provision of a collective bargaining agreement violated the Railway Labor Act ("RLA") and then remanded the case to the district court to determine whether that provision and another provision violated state law. *Id.* at 1396. The district court

14

concluded that both provisions violated state law, and, on a subsequent appeal, the employer

argued that the case had become moot because the time to petition for a writ of certiorari

regarding the Seventh Circuit's earlier RLA holding had expired, and "no purpose could be

served . . . by a declaration that" the same provision of the collective bargaining agreement that

the circuit had already held violated federal law also violated state law.  *Id.*  For two reasons, the

Seventh Circuit was unpersuaded.  First, the court noted that the time to file a petition for

certiorari had not, in fact, expired, because the prior decision was not final.  *Id.* at 1397.  Second,

and of greater importance here, the court held that a case does not become moot simply because

a court grants complete relief based on one theory of recovery.  *Id.*  As the Seventh Circuit

explained, "it is cases rather than reasons that become moot," and "[w]hether a court gives one or

ten grounds for its result is not a question to which Article III prescribes an answer."  *Id.*  "The

practical reason" for this rule "is that the alternative grounds are ripe for decision and deciding

them may help a higher or a subsequent court" decide the case.  *Id.*

In *Celtronix Telemetry, Inc. v. FCC*, 272 F.3d 585, 587 (D.C. Cir. 2001), the D.C. Circuit

cited *Air Line Pilots Association* with approval and adopted the Seventh Circuit's reasoning.

Echoing the Seventh Circuit, the court wrote:  "If a plaintiff presents two or more alternative

grounds as routes to its hoped-for ultimate victory, a court does not lose jurisdiction over the

second claim once it has ruled in the plaintiff's favor on the first claim; victory on the first claim

doesn't moot the second."  *Id.*  The D.C. Circuit had faced a similar question several months

earlier in *WorldCom, Inc. v. FCC*, 246 F.3d 690 (D.C. Cir. 2001), where the court declared it

"settled law" that resolution of one basis for granting relief does not moot a second ground for

granting that same relief.  *Id.* at 695 (citing *Air Line Pilots Ass'n*, 897 F.2d at 1397).  Embracing

the Seventh Circuit's "practical reason" for this rule, the D.C. Circuit observed that "[b]y

15

considering both bases, there is obviously potential for economy by the inferior federal courts, as higher-level review might remove the first basis for the outcome." *Id.*

This line of authority provides ample support for the notion that this Court could have—consistent with Article III—resolved all of Plaintiffs' claims and could have, if supported by the law and facts, provided alternative grounds for awarding the same relief. As the Seventh Circuit observed in *Air Line Pilots Association*, "in a vast number of cases the court, having decided that the defendant's conduct is unlawful on ground A, goes on to decide that it is also unlawful on ground B." 897 F.2d at 1397. That is certainly correct. But, as the Seventh Circuit also observed, courts are not "compelled" to reach alternative theories that might, at most, provide a second or third rationale for granting the same relief already justified on the basis of the first theory. *Id.* To continue the Seventh Circuit's observation of common practice, courts will often decide that a defendant's conduct is unlawful on ground A and will decline to go on to consider whether it is also unlawful on grounds B, C, and D. *See id.* (explaining that courts often use the word "moot" "to refer to an issue that need not be decided in light of the resolution in the same opinion of another issue," even though they do not mean moot in an Article III sense (citing *Bazemore v. Friday,* 478 U.S. 385, 387 n.2 (1986))). In other words, courts often have the discretion to treat alternative claims, which offer the plaintiff no prospect of obtaining any further relief, as prudentially moot.

By way of analogy, this is the same thing that the D.C. Circuit does when it affirms a lower court's decision without reaching the merits of a cross-appeal. As the court has explained:

> [W]here . . . the losing party's theories are rejected, courts appear uniformly to dismiss a conditional cross-appeal. . . . While characterizing such a cross-appeal as moot may be in tension with the general recognition that a court's acceptance of one of an appellant's two independent bases for attack does not render the second basis moot, *see Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1397 (7th Cir. 1990), this case presents no reason to break out of conventional

16

practice.   Thus, on affirming the [agency's] decision . . . , we dismiss [this unconditional cross-appeal] without reaching the merits.

*Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 649–50 (D.C. Cir. 1998); *cf. Belton v. WMATA*, 20 F.3d 1197, 1203 (D.C. Cir. 1994) (treating an issue as "moot as a practical matter," even though the appellate court could have reached the issue under *Air Line Pilots Ass'n*).

The fact that courts have discretion to reach alternative legal theories supporting the same relief, accordingly, does not mean that they must always utilize that authority.  Judges "[f]requently . . . decide no more than they have to decide," Cass R. Sunstein, *Foreword: Leaving Things Undecided*, 110 Harv. L. Rev. 4, 6 (1996), and they often have very good reasons for doing so.  This is a common practice in the district courts,[5] and, at least in cases involving pure questions of law, it does not necessarily preclude an appellate court from reaching the claims left undecided by the district court.[6]  The practice ensures that judicial decisions are rendered only after careful consideration, and it permits courts to avoid the pointless—and at times jurisdictionally dubious—task of deciding a broad array of legal and factual issues (including difficult and time-consuming ones) that, in the parlance of mootness, will "make [no] difference to the legal interests of the parties," *Air Line Pilots Ass'n*, 897 F.2d at 1396.

---

[5] *See, e.g.*, *Lewis v. Becerra*, 2023 WL 3884595, at *6 n.6 (D.D.C. June 8, 2023) ("[T]he Court need not reach the plaintiffs' other arguments under alternative provisions of the APA, which request the same relief."); *Dist. Hosp. Partners, L.P. v. Sebelius*, 932 F. Supp. 194, 199 n.5 (D.D.C. 2013) (declining to reach alternative grounds under the APA asserted by plaintiff in vacating an administrative decision); *Burke v. Coggins*, 521 F. Supp. 3d 31, 45 (D.D.C. 2021) (declining to reach plaintiffs' first amendment and appointments clause arguments given complete relief on APA challenge); *Poett v. United States*, 657 F. Supp. 2d 230, 242 (D.D.C. 2009) (denying without prejudice plaintiff's constitutional claims for same reasons).

[6] *See, e.g.*, *Hutchins v. District of Columbia*, 188 F.3d 531, 547–48 (D.C. Cir. 1999) ("Appellees argued before the district court that the curfew also violated their First and Fourth Amendment rights, but because the district court found the curfew unconstitutional on equal protection and due process grounds, it did not reach these additional constitutional claims.  We exercise our discretion to resolve these purely legal claims in the interest of judicial economy.").

17

Applying these considerations, the Court will exercise its discretion—as a matter of prudential mootness and 5 of the Amended Complaint, but will decline to dismiss Count 7. Counts 1, 2, and 5 are each asserted against the EPA, each challenges the EPA's decision-making process leading up to its decision to approve Florida's Section 404 assumption application, and each seeks vacatur of that approval.  Dkt. 77 at 25–27 (Compl. ¶¶ 104–17) (Count 1) (challenging the EPA's interlocutory completeness determination); *id.* at 27–35 (Compl. ¶¶ 118–61) (Count 2) (challenging the EPA's approval of Florida's program on a variety of theories); *id.* at 42–43 (Compl. ¶¶ 202–12) (Count 5) (challenging the EPA's "no effect" determination with respect to species under the jurisdiction of the National Marine Fisheries Service ("NMFS")); *see id.* at 56–58 (Prayer).  For the reasons given in *CBD III*, the Court has already ruled against the EPA and has already granted Plaintiffs the relief that they seek in Counts 1, 2, and 5—vacatur of the assumption determination.  Dkt. 164.  The Court's vacatur order, moreover, does not merely embody that legal conclusion; it has current, operative effect, and it has fully redressed the injuries alleged in Counts 1, 2, and 5.  That is the ultimate relief to which Plaintiffs are entitled, and, accordingly, reaching the merits of Counts 1, 2, and 5 is unlikely to "make a difference to the legal interests of the parties," *Air Line Pilots Ass'n*, 897 F.2d at 1396.  There is, in short, no assumption program left for Plaintiffs to challenge.

Plaintiffs argue that their claims are not moot "in light of the State's intention to appeal." Dkt. 178 at 7.  But that argument speaks only of jurisdictional mootness and ignores the prudential considerations described above.  Considered in that light, Plaintiffs' argument proves too much; it would require district courts to address all alternative grounds for relief in every case in which an appeal is reasonably anticipated.  The real question is whether reaching the alternative grounds presented will likely assist the court of appeals in its consideration of the

case or avoid an unnecessary remand, and the corresponding delay and expenditure of judicial resources.  Here, however, the Court concludes that the additional judicial time and resources necessary to resolve Plaintiffs' alternative theories (all of which are premised on the APA) is unlikely to be justify by the remote possibility that these alternative rulings would assist the court of appeals or would, in the end, conserve judicial resources.

Plaintiffs also argue that a decision granting them declaratory relief on Counts 1 and 2 would provide additional relief, beyond that which the Court has already granted.  *Id.* at 11.  But the Declaratory Judgment Act provides only that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  And "[w]here it is uncertain that declaratory relief will benefit the party alleging injury, the court will normally refrain from exercising its equitable powers."  *Penthouse*, 939 F.2d at 1020 (affirming district court's denial of request for declaratory judgment on prudential mootness grounds).  Here, where the challenged program no longer exists (and may never again exist), it is "uncertain"—to say the least—that a declaratory judgment would meaningfully benefit Plaintiffs.  *Cf. Baker*, 878 F.2d at 510 (1989) ("[D]eclaratory judgment is [a] discretionary remedy that may be withheld where challenged practice is undergoing significant change so that its ultimate form cannot be predicted." (citing *Mechling Barge Lines, Inc. v United States*, 368 U.S. 324, 331 (1961))).  Thus, even "assuming that there is some trace of a continuing injury sufficient to satisfy Article III," declaratory relief would not be "appropriate as an exercise of the court's discretionary, equitable powers."  *Penthouse*, 939 F.2d at 1019.

The Court recognizes that the remaining claims do not precisely duplicate the claims that the Court has resolved to date; the remaining claims against the EPA are premised on the APA and the CWA, while the claims that the Court has already adjudicated are premised either

exclusively on the APA or on the APA and the ESA.  But they are all APA claims—there is no available cause of action under the CWA or the ESA.  *See Nat'l Ass'n of Homebuilders v. Norton*, 415 F.3d 8, 13 (D.C. Cir. 2005); *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1278 (D.C. Cir. 2005).  And, in any event, the line between Plaintiffs' CWA and ESA claims is, as Plaintiffs themselves acknowledge, a blurry one.  *See* Dkt. 178 at 28 ("The claims at issue here are inextricably linked . . . .").  In Count 1, for example, Plaintiffs allege (among other things) that the EPA violated the APA by treating Florida's Section 404 assumption application as complete before the BiOp—which is discussed at length in the Court's February 15, 2024 opinion—was itself complete.  Dkt. 77 at 25 (Compl. ¶ 108); *see also* Dkt. 178 at 28–31.  Similarly, Count 2 alleges that the EPA erred in approving Florida's assumption application, which, on Plaintiffs' telling, failed (among other things) to comply with certain requirements relating to the protection of listed species.  Dkt. 77 at 34 (Compl. ¶ 154); Dkt. 178 at 29–30.  Finally, Count 5 alleges that the EPA's "no effect" determination relating to species under the jurisdiction of the NMFS violated the APA and the CWA.  Dkt. 77 at 42–43 (Compl. ¶¶ 202–12); Dkt. 178 at 31.  In short, Counts 1, 2, and 5 not only seek the same relief (vacatur of the EPA's approval of Florida's assumption application) from the same party (the EPA) as the Court has already awarded, but they tread much of the same ground.

Under these circumstances, devoting time and resources to resolve the remaining claims will not accord Plaintiffs any meaningful relief beyond that which they have already achieved, will provide little (if any) assistance to the D.C. Circuit in its consideration of the case on appeal, and, based on the Court's assessment of the various claims, will not serve judicial economy by protecting against the possibility that appellate "review might remove the first basis for the

outcome," *WorldCom, Inc.*, 246 F.3d at 695.[7]  The Court will, accordingly, dismiss Counts 1, 2 and 5 without prejudice.

Count 7, however, presents a different story.  That count is brought against a different defendant—the Army Corps of Engineers—and it challenges a different agency action—the Corps' retained waters determination.  Dkt. 77 at 45 (Compl. ¶¶ 222–27).  Although this count is also brought under the APA, it is supported by an entirely distinct legal theory arising under the Rivers and Harbors Act ("RHA"), *id.*, and it involves distinct portions of the administrative record prepared by the Army Corps, *see* Dkt. 126-1 at 14–16.  Most importantly, this count seeks relief—vacatur of the Corps' retained waters list, Dkt. 77 at 58 (Prayer)—that the Court has not already granted to Plaintiffs.  Unlike with respect to Counts 1, 2 and 5, the Court is persuaded that if Plaintiffs prevail on this claim (and the Court expresses no view on that question at this point), they will be entitled to relief that would "have a more-than-speculative chance of affecting" the legal rights and interests of the parties "in the future."  *Adbelfattah v. DHS*, 787 F.3d 524, 534 (D.C. Cir. 2015).

Under these circumstances, a real controversy continues to exist, and the Court will decline Florida's invitation to dismiss Count 7 as moot, either as a matter of jurisdiction or

---

[7] Even assuming that the exceptions to jurisdictional mootness apply to prudential mootness as well, no exception is available here.  Plaintiffs concede that the voluntary cessation exception is inapplicable but urge that their remaining claims qualify for the "capable of repetition yet evading judicial review" exception.  Dkt. 178 at 18–19.  But, even if the Court's order vacating the BiOp, the ITS, and the EPA's approval of Florida's assumption application were set aside, it is unlikely that Plaintiffs would lose the opportunity to press their alternative claims on remand or in a separate suit.  Plaintiffs maintain that the statute of limitations "*could* result in complete evasion of review" down the line, Dkt. 178 at 19 (emphasis added), but the statute of limitations is not jurisdictional, *see Jackson v. Modly*, 949 F.3d 763, 778 (D.C. Cir. 2020) ("[W]e hold that § 2401(a)'s time bar is nonjurisdictional and subject to equitable tolling."), and, in any event, the six-year period would not run until the end of 2026, and would, of course, restart from any new agency action.  Finally, Plaintiffs can further avoid any risk that their claims would "evade review" by filing a conditional cross-appeal.

prudence.  Because the Court has yet to render a "final decision" resolving "every claim of every

party in [the] case," *Attias*, 969 F.3d at 416, which would permit Florida to file an appeal

pursuant to 28 U.S.C. § 1291, the Court cannot enter final judgment pursuant to Rule 58(d) and

must go on to consider whether to issue partial, final judgment pursuant to Rule 54(b).

## 2.

Normally, an order in a case involving multiple claims or defendants is not "final" (and

therefore not appealable) until the district court has "disposed of all claims against all parties."

*Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 221 (D.C. Cir. 2011).  Rule

54(b) relaxes this requirement by allowing the district court to "direct entry of a final judgment

as to one or more, but fewer than all, claims or parties" upon an express finding that "there is no

just reason for delay."  Rule 54(b) allows district courts to balance "the demonstrated need for

flexibility in providing for appellate review in complex cases," *Blue v. D.C. Pub. Schs.*, 764 F.3d

11, 15 (D.C. Cir. 2014) (internal quotation marks omitted), against the goal of "avoiding

piecemeal appeals," *Taylor v. FDIC*, 132 F.3d 753, 760 (D.C. Cir. 1997).  "Rule 54(b) is the key

to the problem of appealability when summary judgment is granted on less than the entire suit in

multiple-party or multiple-claim litigation."  *See* 10A Charles Alan Wright, Arthur R. Miller, &

Adam N. Steinman, Federal Practice and Procedure § 2715 (4th ed. 2023).  "It is left to the sound

judicial discretion of the district court to determine the 'appropriate time' when each final

decision in a multiple claims action is ready for appeal."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*,

446 U.S. 1, 8 (1980) (citation omitted).

Rule 54(b) "establishes three requirements for an otherwise interlocutory order to be

certified as a final judgment."  *Attias*, 969 F.3d at 417.  First, "the order must resolve a distinct

'claim for relief;'" second, "the order must be 'final' with respect to that claim;" and, third, "the

district court must permissibly determine that there is 'no just reason for delay' in entering

judgment." *Id.* (citation omitted).  The first two requirements serve a jurisdictional function:  If

there is no final judgment on one or more distinct claims, the court of appeals lacks appellate

jurisdiction.  *See id.*  If the jurisdictional requirements are met, the court must then "weigh[] both

'justice to the litigants' and 'the interest of sound judicial administration'" to determine whether

there is "no just reason for delay" in entering the judgment.  *Brooks v. Dist. Hosp. Partners, L.P.*,

606 F.3d 800, 806 (D.C. Cir. 2010) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 6, 8).

There is no set formula for deciding whether there is "no just reason" for delay in

entering partial, final judgment, and the relevant factors "will inevitably differ from case to

case."  *Id.* (internal quotation marks omitted).  The factors pertaining to "sound judicial

administration" include "whether the claims under review were separable from the others

remaining to be adjudicated and whether the nature of the claims already determined was such

that no appellate court would have to decide the same issues more than once even if there were

subsequent appeals."  *Curtiss-Wright Corp.*, 446 U.S. at 8.  How best to balance these factors is

left to the district court's discretion.  *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

No one factor is dispositive, but where any of the factors pertaining to judicial administration

point against certification, the court should not enter partial, final judgment unless it "find[s] a

sufficiently important reason for nonetheless granting certification."  *Curtiss-Wright Corp.*, 446

U.S. at 8 n.2.

Applying this test, the Court is persuaded that the order entered today, as well as the

orders entered on February 15, 2024, Dkt. 164, on August 23, 2023, Dkt. 119, and on March 30,

2022, Dkt. 73, resolve distinct claims (*i.e.*, Counts 1–6 and 8–13 of the Amended Complaint,

Dkt. 77), are final with respect to those claims, and that there is no just reason to delay entry of final judgment with respect to those claims.[8]

For the reasons explained above, the only count of the Amended Complaint that remains pending is Count 7, which alleges that the Army Corps of Engineers violated the APA and the RHA when it made its retained waters determination. Plaintiffs, for their part, seem to concede that Count 7 asserts a distinct claim for relief for purposes of Rule 54(b), Dkt. 178 at 27 n.15— and for good reason. That count is asserted against a different defendant than the defendants named in the adjudicated counts, it turns on different facts, and it seeks different relief. Applying the D.C. Circuit's decision in *Attias v. Carefirst, Inc.*, 969 F.3d 412, 417–18 (D.C. Cir. 2020), the claim involves a distinct transaction and nucleus of operative facts and, as such, would not "fall afoul of the rule against splitting claims if brought separately," *Tolson v. United States*, 732 F.2d 998, 1001 (D.C. Cir. 1984) (internal quotation marks and citation omitted); *see also Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004); *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002).

The Court also concludes that there is no just reason to delay entering final judgment with respect to the orders entered today, on February 15, 2024, Dkt. 164, on August 23, 2023,

---

[8] Although Florida's motion concerns only the Court's February 15, 2024 order, *see* Dkt. 171, a district court may *sua sponte* direct entry of final judgment under Rule 54(b), *see, e.g.*, *Bank of Lincolnwood v. Fed. Leasing*, 622 F.2d 944, 947, 952 (7th Cir. 1980) (affirming district court's *sua sponte* entry of final judgment pursuant to Rule 54(b)); *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 116, 119–20 (E.D.N.Y. 2010) ("[T]he Court has broad discretion in determining whether to make the [Rule 54(b)] certification . . . and may do so *sua sponte*."); *Guinan v. A.I. duPont Hosp. for Child.*, 2009 WL 2877595, at *3 (E.D. Pa. Aug. 28, 2009) ("[A] district court may *sua sponte* direct entry of final judgment under Federal Rule of Civil Procedure 54(b).") (collecting cases). In the present circumstances, the Court concludes that the fair administration of justice, and judicial efficiency, would be served by entering partial, final judgment as to each of the claims adjudicated to date. As explained below, each claim is distinct and separable from Count 7, and there is "no just reason for delay[ing]" the entry of final judgment as to all of the adjudicated claims.

Dkt. 119, and on March 30, 2022, Dkt. 73. The Court's March 30, 2022 and August 23, 2023 opinions and orders fully resolved Plaintiffs' procedural challenges brought under the APA, and nothing remains to be resolved with respect to those claims. Those claims, moreover, do not overlap in any way with Plaintiffs' retained waters claim. Similarly, for the reasons explained above, the Court's February 15, 2024 opinion and order fully resolved all of Plaintiffs' APA claims against the EPA and FWS, even if that order left some counts presenting alternative theories for relief unresolved. Those counts seeking the same ultimate relief on alternative grounds, moreover, have now been dismissed, and have thus also been fully resolved.

The Court is further persuaded that entry of partial, final judgment on all of Plaintiffs' claims, with the exception of their retained waters claim, would serve the interests of justice and judicial administration. As Florida and the other interveners and amici stress, there is an important interest in achieving the certainty that will come with prompt appellate review. In the words of a Florida developer, who the Court permitted to intervene in this case, "[i]t just needs to know the rules" that will govern Section 404 permit applications. Dkt. 177 at 2. In structuring the litigation, moreover, the Court has attempted to reach and to resolve the core and most far-reaching claims first—and it has finally done so. All that remains is a stand-alone claim that is unlikely to have any bearing on the issues now subject to appeal, and the issues likely to be raised on appeal are unlikely to have any bearing on Plaintiffs' retained waters claim.

Finally, the Court is persuaded that entering partial, final judgment will substantially advance the interests of justice. The Court has set aside the BiOp, the ITS, and the EPA's approval of Florida's Section 404 assumption application, and, for the reasons explained above, even staying that order in limited fashion will result in confusion, delay, and inefficiency. That decision is operative now, and, in the Court's view, Florida should be allowed to appeal it

25

without delay.  Nor do Plaintiffs identify any countervailing concerns premised on "miscellaneous factors such as delay, economic and solvency considerations, or expense." *SEIU Nat'l Indus. Pension Fund v. Sci &Comp. Sys. Corp.*, 249 F. Supp. 3d 130, 136 (D.D.C. 2017). They instead argue that Florida will not be prejudiced if partial, final judgment is denied.  The Court disagrees.  Although the Court's decision is unlikely to result in the dire consequences that Florida proffers—as noted above, the Corps stands ready, willing, and able to issue Section 404 permits in Florida, as it did for decades before the EPA approved Florida's assumption application and as it does in 47 other States—Florida nonetheless has a legitimate and substantial interest in obtaining prompt appellate review of a decision and order that set aside a program to which it has devoted extensive time and effort.  Florida may or may not prevail on appeal, but there is no just reason to delay its ability to seek review.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Here, that guidance and the dictates of Rule 54(b) militate in favor of the entry of partial, final judgment.

**CONCLUSION**

For the foregoing reasons, Florida's motion for a limited stay, Dkt. 166, will be denied. The Court will also dismiss without prejudice Counts 1, 2, and 5 of Plaintiffs' Amended Complaint, Dkt. 77.  Finally, Florida's motion for entry of final judgment pursuant to Rule 58(d) will be denied, its motion for the entry of partial, final judgment pursuant to Rule 54(b) will be granted, Dkt. 171, and the Court will enter partial, final judgment as to Counts 1-6, 8-13 of the Amended Complaint.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 12, 2024